GEORGE A. HOYLE AND WIFE *vs.* THE TOWN OF PUTNAM.

The statute (Gen. Statutes, tit. 16, ch. 7, part 1, sec. 10,) provides that no action shall be maintained against a town for an injury from a defect in a highway or bridge, unless written notice is given to some one of the selectmen of the town within sixty days thereafter, stating the injury and the time and place where it occurred. Held—

1. That where one of the selectmen of a town, immediately after such an injury, had a conversation with the person injured with regard to the accident, and expressed a willingness to do what was right about it and desired that no expense should be made, it did not amount to a waiver of the notice required by the statute.

2. That it made no difference that he was first selectman and *ex officio* the agent of the town.

Whether the selectmen as a body would have had power to waive the notice required by the statute: *Quære.*

ACTION upon the statute with regard to highways and bridges, to recover damages for an injury received by the plaintiff Della L. Hoyle by reason of a defect in a highway of the defendant town; brought to the Superior Court in New London County, and tried to the jury, upon the general issue, with notice, before *Hovey, J.*

The act of 1874, (now incorporated into the revision of 1875 as sec. 10, part 1, ch. 7, tit. 16,) provides that no action shall be maintained against any town for an injury received by reason of any defective highway or bridge, unless written notice of such injury and of the time and place of its occurrence, shall, within sixty days thereafter, be given to a select-

man of the town. The notice appended to the defendants' plea was that the notice required by the statute had not been given.

On the trial the plaintiffs introduced evidence to prove, and claimed to have proved, that on the 14th day of October, 1875, the plaintiff Della L. Hoyle, while riding with the plaintiff George A. Hoyle and their child, in a wagon drawn by one horse along one of the public highways of the defendant town, which the town was bound by law to maintain, was thrown from the wagon and injured in her person, by means of the defective condition of the highway.

At the time the injury was sustained, and for more than eleven months next following, there were three selectmen of the town, Edward S. Lyon, David E. Clark and Lyndon Tucker, all of whom exercised, during that time, the functions of the office.

It was admitted by the plaintiffs that no notice in writing of the injury, and of the time and place of its occurrence, was given to the selectmen, or either of them, within sixty days after the injury occurred, nor at any time before the commencement of the suit. But they offered evidence to prove, and claimed that by that evidence they had proved, a waiver by the defendants of such notice. The evidence so offered was objected to by the defendants, but was admitted by the court, and was as follows:

*John A. Kennedy, Jr.,* testified as follows: "Edward S. Lyon, first selectman of the town, came to Mr. Hoyle's the morning after the accident and inquired how badly he and his family were hurt by being thrown from his wagon. Mr. Hoyle replied that he could not tell, but that it was bad enough, and that the town would have it to pay for. Mr. Lyon said to Hoyle, Don't go to being too naughty about it. Hoyle said, They will have to settle for it. Mr. Lyon said, Don't make any fuss about it; we will make that all right."

*Judson M. Lyon* testified as follows: "I was counsel for Mr. Hoyle, and had a conversation with Edward S. Lyon three or four weeks after the accident. I told him that Mrs. Hoyle had been hurt by reason of a defect in the highway. He said

he knew it.  He also said that he supposed the town would
have to shoulder it.  I told him that Hoyle would sue the
town; and he told me to make no trouble or expense about it
—it should be arranged.  I subsequently had another con-
versation with Mr. Lyon, and asked him if the matter had
been arranged.  He said no.  I told him that Hoyle would
sue the town.  He said, Make no trouble about it; it shall be
arranged; it shall be settled.  Afterwards, I was told by Mr.
Lyon that the selectmen were coming together the next Fri-
day night, and that he would bring the matter before them.
It rained that night, and they did not meet.  I had no conver-
sation with either of the other selectmen.  He was the first
selectman."

*Corbin Cooper* testified as follows: " I heard a conversation
between selectman Lyon and Hoyle four or five weeks after
the accident.  I was going by and saw them together.  As I
came up Hoyle said to Lyon, if you don't pay me something
for getting hurt, I shall have to sue it.  Lyon said, I will see
the other selectmen and will make it all right."

The plaintiff *George A. Hoyle* gave the following testi-
mony: "The next morning after the accident Edward S.
Lyon came into my place.  I saw him.  He was at that time
first selectman of the town.  He said to me, I understand
that you, your wife and child, were thrown out of your wagon
on the cross-walk last night, and he wanted to know how
badly we were hurt.  I told him I was pretty sore, and my
wife was bruised very badly, but I thought no bones were
broken.  He said, I am sorry; Mr. Clark left it very care-
lessly.  I told him I should hold the town responsible for it.
He said he supposed they were responsible.  That was all the
conversation that passed between us at that time.  About two
or three weeks afterwards, I had another conversation with
Mr. Lyon.  He was talking about our being thrown out.  I
said, I shall hold the town responsible, and should like to
settle it up.  He said, We shall meet in a few days and I will
lay it before the other two selectmen and see what they say
about it.  Some time after the night that they were to meet,
I spoke to him about it, and he said that the selectmen didn't

meet at the time named, as it was stormy that night, but he said, I will do what is right about it; I don't want any trouble about it at all."

There was no other evidence offered to prove that the notice in writing had been waived; nor was there any evidence that the selectmen Clark and Tucker, or either of them, had any knowledge of the conversations that have been stated.

During the argument of the cause, the counsel for the plaintiffs requested the court to charge the jury that the question of waiver was one of intention, and that a waiver might be by the acts and declarations of the selectmen of the town; and that it was a question of fact for the jury to determine whether, under all the circumstances, the town had, by its agent and selectmen, waived the notice required by the statute.

The court refused to charge as requested, but charged the jury as follows: "To enable the plaintiffs to maintain this action it is essential that it should appear from the evidence that notice in writing of the injury complained of, and of the time and place of its occurrence, was given to one of the selectmen of the town, within sixty days after the injury was sustained, or that the notice was dispensed with or waived by the town. The town, in legal meeting assembled for the purpose, might, by a vote, have dispensed with or waived such notice; and the notice might have been waived or dispensed with by the selectmen of the town, or a majority of them, in the absence of any vote of the town. But it was not competent for one of the selectmen alone, by any acts or declarations, which were not concurred in by his associates, or a sufficient number of them to constitute a majority of the board, to dispense with or waive the written notice which the statute requires. And the power of the first selectman, though by virtue of his office he was agent of the town, was no greater in this particular than that of either of the other selectmen. It is admitted by the plaintiffs that the written notice required by the statute was not given to either of the selectmen of the defendant town; and there is no evidence before the jury tending to prove that the notice was waived

or dispensed with by a vote of the town, or by a majority of the selectmen. It necessarily follows that this action cannot be maintained, and that the verdict of the jury must be in favor of the defendants. You are therefore instructed to return a verdict in favor of the defendants, and for them to recover of the plaintiffs their costs."

The jury returned a verdict for the defendants, and the plaintiffs moved for a new trial for error in the charge of the court.

*S. Lucas*, in support of the motion.

1. The statute requiring notice was passed for the benefit of the towns, and a town may always waive a right in its favor, created by statute, the same as any other party. *Newtown* v. *Danbury*, 3 Conn., 553; *Bailey* v. *Trumbull*, 31 id., 581; *Commonwealth* v. *Dracut*, 8 Gray, 458; *Northfield* v. *Taunton*, 4 Met., 433; *Unity* v. *Thorndike*, 15 Maine, 184; *Miller* v. *Mayor &c. of New York*, 53 Barb., 653; Pomeroy's Sedgw. Stat. & Const. Law, 86–88.

2. The question of waiver was one of fact, and should not have been withdrawn from the jury. *Fitch* v. *Woodruff & Beach Iron Works*, 29 Conn., 91; *Occum Co.* v. *Sprague Manuf. Co.*, 34 id., 538; *Fox* v. *Harding*, 7 Cush., 520; *Merrimack Manuf. Co.* v. *Quintard*, 107 Mass., 132; *Stone* v. *Lothrop*, 109 id., 63–66.

3. The first selectman was the general agent of the town. Gen. Statutes, p. 90, § 1. This was not the law prior to the act of 1860. Previous to the passage of that act the selectmen of a town were its agents. It was the intention of the legislature by its passage to enable a town to act by *one* instead of a *majority* of several agents. It is believed that no other satisfactory reason can be given for the passage of that act. The agency being a general one, the town was bound by the acts of its agent in all matters wherein it could act by an agent. The written notice is not required to be given to the town, but to one of its selectmen, and it was competent for the first selectman and general agent of the town to waive the formality of a written notice, and by its

waiver the town suffered no injury. Those cases that hold that a majority of a board of selectmen must assent to an act to make it binding on a town, are cases that arose in states where all the selectmen are agents, and no statute exists depriving all of them but one of that character, and making the first selectman sole agent; hence they do not apply to the case at bar.

*J. Halsey* and *G. W. Phillips*, contra.

CARPENTER, J. This is an action to recover damages for an injury occasioned by an alleged defect in a highway. The statute of 1874 provides as follows:

" *Sec.* 1. Whenever any person shall receive injuries by reason of any defective road or bridge, written notice of such injury, and of the time and place where it occurred, as nearly as it can be ascertained, shall within sixty days thereafter be given to some one of the selectmen of the town or the clerk of the city or borough where the injuries were received.

" *Sec.* 2. No suit shall be maintained for such injuries unless such notice is given," &c.

Towns are liable in this class of actions only by force of the statute. The notice required by the act of 1874 is in the nature of a condition precedent, and would seem to be indispensable to the right of maintaining an action. At least it may well admit of doubt whether an action existing wholly by statute can be maintained if some statute requisite has not been complied with. If not it is difficult to see how the town even in its corporate capacity can waive the requirements, and by its own act confer a right of action where the law confers none, and thereby subject the property of the minority, or of non-residents, women and minors, who have no voice in town affairs. If the town has no such power certainly its agents, the selectmen, can not have it.

But however this may be, we are clearly of the opinion that there was no waiver binding upon the town in the present case. It appears from the motion that no written notice was given; that the first selectman, who was *ex-officio* town agent,

had a conversation with one of the plaintiffs and with others about the accident, and expressed a willingness to do what was right about it, and a desire that no expense should be made. There was no conversation with the other two selectmen, and it does not appear that they knew any thing of it. Now if we concede that the selectmen as a board had legal power to waive the notice, the action of one alone, however explicit, is insufficient. It requires a majority of the whole acting as a board, or at least a majority of a quorum.

The fact that the selectman happened to be *ex-officio* the agent of the town, does not affect the case. As such agent he would doubtless have power to appear and prosecute or defend suits, and transact much of the formal and ordinary business of the town; but the statute making him agent was not intended to authorize him to waive the legal rights of the town in an important matter like this.

The court below very properly instructed the jury to return a verdict for the defendants, and a new trial must be denied.

In this opinion the other judges concurred.