## PAUL BEAULIEU
*vs.*
## PLEASANT REALTY CORPORATION ET ALS.

Superior Court        Hartford County        File No. 69830

MEMORANDUM FILED NOVEMBER 19, 1943.

*Cole & Cole,* of Hartford, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Pleasant Realty Corporation, et al.

*V. W. Dennis,* Corporation Counsel and *H. Borden,* Assistant Corporation Counsel for City of Hartford.

KING, J. The complaint alleges that the defendants other than the defendant municipality (such defendants hereinafter being referred to as the defendants) owned and maintained a building on Park Street in Hartford, on the first floor of which were stores and on the upper floors apartments, and that the plaintiff was injured on an icy sidewalk in front of the building. Negligence is charged against the defendants *or* the defendant municipality in allowing this icy condition to persist on the sidewalk in the various ways more particularly specified in paragraph 3 of the complaint.

The defendant municipality demurs on the sole ground that the complaint, as against the defendant municipality, counts on a breach of the defective highway statute (Gen. Stat. [1930] §1420), and charges negligence on the part of the other defendants concurrent with that of the defendant municipality, and, so, on its face fails to charge a cause of action against the defendant municipality under the rule of

*Bartram vs. Town of Sharon,* 71 Conn. 686, 691.

One short answer is that the complaint charges negligence on the part of the defendant municipality, and there is nothing to show that a recovery under the defective highway statute, as asserted in the demurrer, is sought. *Frechette vs. City of New Haven,* 104 Conn. 83, 91. This interpretation is reinforced by the absence of any allegation of written notice to the defendant although the defect alleged is snow and ice and the fall is alleged to have occurred March 8, 1943, while the suit was not instituted against (i.e., service was not made upon) the defendant municipality until July 26, 1943, much more than ten days after the alleged fall. Gen. Stat. (1930) §1420; *Hoyle vs. Town of Putnam,* 46 Conn. 56, 61; *Riccio vs. Town of Plainville,* 106 id. 61, 62; Practice Book (1934) §43, p. 31.

Even if the complaint did, as the demurrer assumes, count on the defective highway statute as against the defendant municipality, it is possible to maintain a cause of action against defendants who are liable in the alternative. Practice Book (1934) §19, p. 26; *State ex rel. Hartford-Connecticut Trust Co. vs. United States F. & G. Co.,* 105 Conn. 230, 233. Here the defendants could be held liable on the one hand or the defendant municipality on the other hand, depending upon how the plaintiff's evidence came in and was regarded by the trier. Practice Book (1934) form 186, p. 186. The complaint uses the disjunctive "or" throughout in charging negligence against the defendant municipality.

If a statutory cause of action against the defendant municipality is alleged, it would be entitled, at least after an appropriate request, to a charge which would fully appraise the jury of the rule of proximate causation laid down in *Bartram vs. Town of Sharon, supra.*

Two other matters perhaps should be noted. First, that a demurrer can be sustained only on the grounds specially stated and not on some other grounds not therein set forth. Gen. Stat. (1930) §5507. Secondly, that the present demurrer is not addressed to the relief, so that the failure to claim judgment in the alternative against the defendants *or* the defendant municipality is not raised by the demurrer as now drawn. Practice Book (1934) §98, p. 45.

The demurrer is overruled.