GEORGE W. CROCKER *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1895. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

No right of action under § 2673 of the General Statutes can exist against a
municipality for an injury caused by a defective highway, until the
notice required by such section has been given. A failure to give such
notice is not excused by the fact that the person injured had no sus-
picion or knowledge of the injury until after the time for giving the
notice had expired.

[Argued May 8th—decided June 22d, 1895.]

ACTION to recover damages for personal injuries sustained
by the plaintiff by reason of the alleged negligence of the
defendant in the care of a certain sidewalk; brought to the
Superior Court in Hartford County and reserved by that
court, *Thayer, J.,* upon the defendant's demurrer to the
complaint, for the consideration and advice of this court.
*Defendant's demurrer sustained.*

The case is sufficiently stated in the opinion.

*Daniel A. Markham,* for the plaintiff.

Section 2673 of the General Statutes should be construed,
so far as it relates to giving notice, as not applying to cases
where it is impossible to give notice. If such a construc-
tion is not given to that part of the statute relating to notice,
then the statute would profess to give a remedy coupled
with an impossible condition. Such a provision is unreason-
able and unjust. If the statute is so construed as to apply
to the present case, so far as it relates to notice, then the
plaintiff is absolutely deprived of any remedy for the injury
done to him by the defendant. A statute depriving a person
of his remedy for an injury done to him would be unconsti-
tutional. Constitution of Conn., Article First, § 12; *Hughes
v. Fond du Lac,* 73 Wis., 380. General statutes annexing
conditions to a right of action, have no application to persons
absolutely unable to comply with the conditions. *Sasser* v.

*Davis*, 27 Tex., 656 ; *Oliver* v. *Berry*, 53 Me., 206 ; *Pierce* v. *Dustin*, 24 N. H., 417 ; *Little* v. *Downing*, 37 id., 355.

*William F. Henney*, for the defendant.

I. The demurrer should be sustained because the notice required by the statute is indispensable to a recovery. Gen. Statutes, § 2673. In some jurisdictions, where similar statutes are found, particularly in Massachusetts, a clause is added providing that if it is impossible for the party injured to give the notice required by the statutes, then such notice shall be given within ten days after such impossibility is removed. No such clause, however, has been appended to our statute, and it is made the absolute duty of the party claiming damages against the city for injuries sustained in the manner set out in the complaint, to give the requisite notice within fifteen days after those injuries are inflicted. Failing to do this, the statute deprives him of any remedy. 2 Beach on Public Corporations, § 1525 ; *Wentworth* v. *Summitt*, 60 Wis., 281 ; *Dorsey* v. *Racine*, 60 id., 292 ; *Sowle* v. *Tomah*, 81 id., 349 ; *Berry* v. *Wauwatosa*, 87 id., 401 ; *Blevins* v. *City of Sioux City*, 85 Iowa, 346 ; *Gardner* v. *New London*, 63 Conn., 269 ; *Hoyle* v. *Town of Putnam*, 46 id., 61 ; *Shaw* v. *Waterbury*, 46 id., 266 ; *Fields* v. *H. & W. H. R. R. Co.*, 54 id., 11 ; *Beisiegel* v. *Town of Seymour*, 58 id., 43 ; *Morgan* v. *DeMoines*, 60 Fed. Rep., 208.

II. Even if the statute in question is to be construed as admitting the excuse pleaded for not giving the required statutory notice of the injuries complained of, yet it is clear that a notice answering the statutory requirements should have been given within fifteen days after the injury was discovered and known. *May* v. *Boston*, 150 Mass., 516 ; *Mitchell* v. *Wooster*, 129 id., 525 ; *McNulty* v. *Cambridge*, 130 id., 275 ; *Lions* v. *Cambridge*, 132 id., 534 ; 2 Beach on Pub. Cor., § 1525.

HALL, J.   The complaint in this case alleges that the plaintiff on the 18th of February, 1893, sustained an internal, bodily injury, as the result of a fall upon a sidewalk in

Crocker v. City of Hartford.

the city of Hartford, which by reason of snow and ice had become dangerous for public travel, and the dangerous condition of which was well known to the defendant.

The language of the fifth paragraph of the amended complaint is as follows:—

" That he (the plaintiff) had no knowledge, intimation or suspicion of said internal bodily injury, within fifteen days from the time of said fall, and because thereof was prevented and unable within fifteen days from the time of said fall to give a written notice to the defendant of said injury, or the nature and cause thereof, or the time and place of its occurrence, and because thereof did not within fifteen days from the time of said fall give a written notice to the defendant of said injury or the nature and cause thereof or the time and place of its occurrence."

It appears from the complaint that on the 1st of April, 1893, the plaintiff was aware of the internal injury which he had thus sustained by the fall. The present action was commenced on the 16th of February, 1895.

To this complaint the defendant demurred, upon the ground that it was not alleged in the complaint that any notice of the time, place, cause and nature of said injury, was ever given to the clerk of said city.

This suit is based upon § 2673 of the General Statutes, which gives a right of action for an injury to person or property arising from a defective highway, against the party bound to keep it in repair, but which expressly provides that " no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and of the nature and cause thereof and the time and place of its occurrence shall within sixty days thereafter, or if such defect consists of snow or ice or both, within fifteen days thereafter, be given to a selectman of said town, or the clerk of such city, corporation or borough."

The proposition presented by the complaint before us is, that a person who, by reason of a defect in a street, consisting of snow and ice, has received an internal injury, the existence of which he neither knows nor suspects until more

than fifteen days after he has received it, may, nearly two years after he has become aware of his injury, and without having given any notice other than by the commencement of suit, maintain an action under the section above referred to, against the city required by its charter to keep its streets in a safe condition for public travel.

We are asked by the plaintiff to either so construe the statute as to permit such an action, or to hold that that part of the statute which requires notice to be given before the commencement of an action is unconstitutional, as imposing an unreasonable and unjust condition and restriction upon the right of redress "by due course of law" accorded to every person by the Constitution for injury to his person or property. This court has been frequently called upon to consider the several parts of this statute, and especially that provision prescribing the giving of written notice before the commencement of suit. The views which have been expressed in the several cases determined by this court concerning the purpose and effect of this particular requirement of the law, we regard as decisive of the questions involved in the present action.

The authorities upon this subject have been fully discussed in several decisions very recently rendered by this court, and it is unnecessary to again review them here. They may be found referred to in *Lilly* v. *Town of Woodstock*, 59 Conn., 219; *Gardner* v. *City of New London*, 63 id., 267; *Shalley* v. *Danbury etc. Horse Ry. Co.*, 64 id., 381. These may be stated as conclusions reached by us in the examination of the section in question and applicable to this case : That the municipal corporations upon which the legislature has imposed the burden of repairing the highways within their respective limits, are not liable at common law for injuries sustained by travelers by reason of defects in such streets when such defects are not of a structural character. The right to maintain an action against municipalities for such injuries is granted by statute only, and that right, thus created, is limited by the express terms and conditions of the statute itself and cannot be extended by this court. As a condition prece-

dent to the maintenance of such actions it is required that within a limited time a written notice, the character of which is described in the statute, shall be given. Until such notice is given no right of action exists. Although the main purpose of this notice is to furnish such information as will enable the officers of the municipality " to inquire into the facts of the case intelligently " (*Shaw* v. *Waterbury*, 46 Conn., 263 ; *Beisiegel* v. *Town of Seymour*, 58 id., 43), yet the fact that this knowledge has been acquired by such officers from other sources, does not dispense with the necessity of giving the notice required by the statute. *Gardner* v. *City of New London, supra.*

In the case of *Shalley* v. *Danbury, etc., Horse Ry. Co., supra,* this court in discussing the question of the constitutionality of the provision requiring notice to be given before the commencement of an action, uses the following language : " Such a requirement is not a denial or unreasonable abridgment of the right to obtain redress for an injury occasioned by a neglect to perform the duty thus imposed ; it is simply a restriction deemed by the legislature to be reasonable upon the exercise of such right. We think the legislature had the power to impose such a restriction * * *."

Applying these principles to the case before us it is evident that the plaintiff, having failed to give the required notice within the time prescribed, has never had a right of action against the defendant city for the injury he has sustained. It is hardly competent for this court in construing the language of a statute, to create a right of action not contemplated by the legislature, and contrary to the peremptory language of the statute itself.

The Superior Court is advised to sustain the defendant's demurrer.

In this opinion the other judges concurred.