GEORGE W. KROONER *vs.* THE CITY OF WATERBURY ET AL.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

If the parties and the trial court treat a defectively pleaded cause of action as though it were properly stated, this court may do the same upon appeal.

If a plaintiff alleges and offers evidence to prove two causes of action, the trial court must instruct the jury that if they find proven the facts necessary to establish either of them, he is entitled to recover.

The charter of Waterbury (12 Special Laws, p. 443, § 25) provides that the city shall not be liable for injuries caused by snow and ice upon its sidewalks, "except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of snow and ice thereon." *Held* that a "structural defect" is a condition existing in the sidewalk itself which makes it not reasonably safe for public travel.

The sufficiency of a notice of injury, prescribed by § 1414 of the General Statutes, depends upon whether, under the circumstances of the particular case, it fulfils the purpose for which it is required, i.e., to furnish the recipient with such available information as is calculated to assist it in protecting itself.

A plaintiff is restricted to proof of such defects as are fairly embraced within the terms of the notice, unless he can avail himself of the provision of § 1414 that an inaccuracy in describing the cause of the injury is immaterial provided it appears that there was no intent to mislead and that the defendant was not in fact misled thereby.

Whether the cause of a personal injury, as stated in the notice, is the same as that alleged in the complaint presents a question for the court and not the jury.

In determining whether a municipality has performed its duty with respect to accumulations of snow and ice, such considerations as the size of the problem confronting it, the expense involved, and the physical resources available to it, are relevant and material; but they should not be submitted to the jury unless there is some evidence bearing upon them.

The exclusion of statements made by the plaintiff to his wife when he arrived home "less than ten minutes" after the accident was not an unreasonable exercise of the trial court's discretion.

Argued October 28th, 1926—decided January 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective sidewalk, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

*Frederick M. Peasley,* with whom, on the brief, was *Clayton L. Klein,* for the appellant (plaintiff).

*Charles O'Connor,* with whom was *Edward J. Mc-Donald,* for the appellee (defendant city of Waterbury).

MALTBIE, J.   This is an appeal by the plaintiff from a judgment in favor of the defendant in an action wherein the plaintiff sought to recover damages for an injury suffered by a fall upon a sidewalk in the defendant city.   The complaint alleges that the sidewalk was defective and unsafe for public travel "by reason of the covers of the water and gas mains which are set in" it, and, in a separate paragraph, that it was "also defective and unsafe for public travel for and by reason of an accumulation of ice and snow" upon it. On the trial and before us the complaint has been treated as stating two causes of action, one because the sidewalk was itself defective and the other arising under a provision of the defendant's charter making

it liable for injuries suffered "where there is some structural defect in such walk which is rendered more dangerous by reason of ice and snow thereon." The second cause of action can hardly be said to be well pleaded, but we see no reason why we may not treat the action upon the same basis as did the trial court and counsel. *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 365, 85 Atl. 636.

The plaintiff complains of the failure of the trial court to instruct the jury, as requested, that if they found that the plaintiff had proven either of the two claimed causes of action he would be entitled to a verdict. This request, of course, stated a correct proposition of law, but we search the charge in vain for any instruction to this effect. The trial court does, indeed, state that the plaintiff sets up two causes of action; it discusses at length that growing out of the claimed defect in the sidewalk itself, and does make some reference to the other. But instead of specifically charging the jury that, if they found proven the condition necessary to establish either, the plaintiff would be entitled to a verdict, we find that, near the beginning of the charge, the trial court, after rehearsing the allegations of the complaint pertaining to both causes of action, instructed the jury that it was the duty of the plaintiff to prove "these material allegations"; and near the end of the portion of the charge dealing with liability, in stating the contentions of the plaintiff, it included the facts relevant to both the claimed defect in the sidewalk itself and the claim that this defect was made more dangerous by reason of an accumulation of ice and snow thereon, and instructed the jury that if they found these contentions to be sound, and also that the city was chargeable with notice and that it had failed to discharge its duty in its care of the walk, then the plaintiff was entitled,

to a verdict. The trial court was in error in not charging the jury that, if they found proven the facts necessary to establish either of the claimed causes of action, the plaintiff would be entitled to recover.

This conclusion requires a retrial, and makes desirable a consideration of certain other claimed errors in the charge. The most important of these involves the proper meaning of that section of the defendant's charter which provides: "Whenever any person shall cause any defect in, or place, or cause to be placed, any obstruction on any of the streets of said city, such person shall be held to answer to any claim for damages which may be made against said city therefor; . . . said city shall in no case be liable for any injuries occasioned by ice or snow upon the sidewalks of said city, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice or snow thereon." 12 Special Laws, p. 443, § 25. The ancient statute which, in certain cases, permits an injured party to recover damages for injuries suffered upon highways, begins: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes, § 1414. Repeated decisions have established as the necessary condition which alone will permit a recovery upon the ground that a road or bridge is defective, that it is not reasonably safe for public travel. *Frechette* v. *New Haven*, 104 Conn. 83, 87, 132 Atl. 467. The provision of the charter in question uses the word "defect" with the same meaning, and the adjective "structural," added in the concluding clause, is used to distinguish such a defect existing in the walk itself from a condition arising by reason of ice or snow superimposed upon it. A "structural defect" is, then, a condition existing in the sidewalk itself which makes it not reasonably safe

for public travel. Of the concluding provision of this section of the charter we have said: "The only cause of action in which snow and ice upon a sidewalk of Waterbury can have any part in furnishing a cause of action, is that provided by this charter provision,— one in which there is a structural defect in the sidewalk, and this structural defect has been rendered more dangerous by reason of snow or ice upon the walk at this point." *Wladyka* v. *Waterbury,* 98 Conn. 305, 309, 119 Atl. 149. The trial court committed no error in instructing the jury that the plaintiff could not recover unless they found that there was a structural defect in the sidewalk. It ought, however, to have so defined the phrase "structural defect" that the jury would have understood the true basis of liability under this provision of the charter, instead of merely leaving it to them to find as a fact whether such a defect existed.

The plaintiff also complains that the trial court restricted his right to recover to a defect existing in the sidewalk by reason of the covers of water and gas mains set in the sidewalk and protruding above its surface and did not permit him to avail himself of the condition of the walk around the protrusion. The further defect of which the plaintiff offered proof consisted of the claimed fact that the sidewalk sloped abruptly from the water-box cover downward to the curb, by reason of the fact that the curb leaned out into the street and so drew the walk down. The allegations of the complaint as now drawn do not allege this defect, but as the case must be remanded for retrial, we may perhaps assume that the plaintiff will seek permission to amend his complaint to remove all doubt upon the matter. We add, however, this caution: The breadth of proof which can be permitted under complaints in cases of this nature will often be

affected by the requirement of the statute that notice shall be given to the municipality of the injury claimed to have been suffered with "a general description of the same, and the cause thereof." General Statutes, § 1414. The purpose of these notices is "that of furnishing the recipients such available information as is calculated to assist them in self-protection. Their sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice." *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 Atl. 503. The breadth of proof under the complaint may not be permitted to go beyond such defects as are fairly embraced within the notice so construed, unless, indeed, advantage can be taken of the concluding provisions of the statute that no notice shall be held insufficient by reason of an inaccuracy in describing the cause of the injury, if it appears that there is no intention to mislead or that the municipality was not in fact misled thereby. In the instant case the notice given stated the sidewalk to be defective "by reason of the covers of the water and gas mains protruding above the sidewalk." How far the terms of the notice would go to cover a cause of injury due to the abrupt slope of the sidewalk between the water-box cover and the curb, must be determined, if it arises, by the trial court.

The trial court detailed various considerations which the jury should bear in mind in determining whether the defendant had performed its duty and among them mentioned the size of the problem confronting the defendant, the expenditures involved in dealing with it, and the physical resources which the city had at its command and could utilize. The plaintiff com-

Blake *v.* Waterbury.

plains that there was no evidence before the jury bearing upon these elements and the finding supports that claim. The considerations suggested are, of course, relevant and material; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502; but, except as the size of the problem could be known from the geographical situation of the defendant, they should not have been submitted to the jury, since no basis for them is to be found in the evidence or reasonable inferences therefrom. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 629, 103 Atl. 901.

The only remaining assignment of error requiring mention is a ruling of the trial court excluding the testimony of the plaintiff's wife as to certain statements made by him to her when he arrived at his home "less than ten minutes" after the accident. Upon the record we certainly could not say that the trial court exercised its discretion unreasonably. *Perry* v. *Haritos,* 100 Conn. 476, 485, 124 Atl. 44.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.