ANNA NICHOLAUS *vs.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 14th—decided August 8th, 1933.

*Lawrence S. Finkelstone,* with whom was *Michael Strauss,* for the appellant (plaintiff).

*John T. Cullinan,* with whom, on the brief, was *Joseph J. Devine,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff alleged that she was injured by a fall while walking on the easterly shoulder of a public highway in Bridgeport known as Chopsey Hill Road, on December 24th, 1930; that her fall was caused by the negligent failure of the defendant to maintain the highway in reasonably safe condition for the use of pedestrians, particularly because it permitted to exist in the highway a hole or cavity about nine inches square and about three inches deep; that the defendant had actual or constructive knowledge of that defect; and further that she gave due notice of her claim pursuant to the statute.   The jury returned a verdict in her favor which, on the defendant's motion, the trial court set aside on the grounds that the evidence did not establish the service of such notice upon the defendant as the statute requires, and that it also failed to show that the defendant city had actual or constructive notice of the defect complained of.

There was evidence that on January 26th, 1931, the plaintiff's husband went to the office of the city clerk and there informed the assistant city clerk that the plaintiff had been hurt and was then in the hospital with a broken leg, telling him as near as he could where the plaintiff fell and the time, and the nature of her injury; that the assistant city clerk advised plaintiff's husband that it would be necessary for him

to give a notice to the city; that the husband was a factory worker of foreign extraction, with an imperfect command of English and unfamiliar with legal requirements; that he relied upon the assistant clerk to prepare the proper notice; and that the assistant clerk wrote out a paper and told him to sign it, which he did without reading or learning its contents. This paper appeared in evidence and was as follows:

"To the Honorable Common Council
    "City of Bridgeport
"Gentlemen: The undersigned hereby petition your Honorable body for reimbursement for injuries the result of a fall on Chopsey Hill Road about 500 feet from Fairview Avenue going east on December 24th at 3 p. m. in the name of Anna Nicholaus of 304 Chamberlain Avenue. Injury amounts to a broken leg in two places.        Karl Nicholaus."

The portions of the statute which authorizes a recovery for injuries due to defects in highways, which are relevant to the contentions of the parties in this case, are that no action for any such injury shall be maintained against a municipality unless written notice "of such injury and a general description of the same, and of the cause thereof and the time and place of its occurrence" is given to the clerk of the municipality within sixty days after the occurrence of the accident, but that no notice shall be held invalid or insufficient "by reason of any inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence," if it appears that there was no intention to mislead and the municipality was not in fact misled thereby. General Statutes, § 1420. The purpose of the requirement of notice to a municipality is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent

for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 Atl. 291. If this purpose is to be served the "cause" of the injury which is required to be stated must be interpreted to mean the defect or defective condition of the highway which brought about the injury. *Beisiegel* v. *Seymour,* 58 Conn. 43, 52, 19 Atl. 372; *Lilly* v. *Woodstock,* 59 Conn. 219, 222, 22 Atl. 40; *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 183, 99 Atl. 503; *Schmidt* v. *Manchester,* 92 Conn. 551, 553, 103 Atl. 654; *Frechette* v. *New Haven,* 104 Conn. 83, 91, 132 Atl. 467.

The notice before us fails entirely to state the cause of the plaintiff's fall and hence of her injury. The provision that no notice shall be held invalid or insufficient because of an "inaccuracy" in stating the cause of the injury, if the conditions stated in the statute appear, cannot avail to make valid a notice which fails entirely to state that cause. *Sizer* v. *Waterbury,* 113 Conn. 145, 154, 154 Atl. 639. However appealing may be the situation before us, because of the reliance of the plaintiff's husband upon the assistant city clerk and the latter's failure to prepare the proper notice, there is nothing in the circumstances which permits us to depart from the requirements of the statute. The giving of such a notice as the statute requires is a condition precedent to the maintenance of the action, the obligation to comply with the statute rests upon the plaintiff and knowledge of the facts by officers of the city will not obviate the necessity of such compliance. *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 Atl. 98; *Gardner* v. *New London,* 63 Conn. 267, 273, 28 Atl. 42. The assistant city

clerk could not waive compliance with the statute by accepting a defective notice or thereby estop the city from taking advantage of a failure to meet the statutory requirements. *Hoyle* v. *Putnam,* 46 Conn. 56, 61; *Forbes* v. *Suffield,* 81 Conn. 274, 275, 70 Atl. 1032; *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284, 287, 70 Atl. 1021.

There having been no proper notice served upon the defendant, the plaintiff has no cause of action against it and it is not necessary to consider the other ground upon which the trial court set the verdict aside. Our rules require that in an action such as this the plaintiff shall either recite the notice given in the complaint or annex it thereto. Practice Book, p. 283, § 180; *Cassidy* v. *Southbury,* 85 Conn. 221, 222, 82 Atl. 198. In this case the plaintiff simply alleged that she duly notified the defendant of her claim pursuant to statute and this was denied in the answer. The giving of a proper notice became a matter of proof at the trial and if that proof was lacking, the trial court could properly take cognizance of it upon a motion to set the verdict aside.

There is no error.

In this opinion the other judges concurred.