ANNA CHRISTIAN *vs.* THE CITY OF WATERBURY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 2d—decided July 1st, 1937.

*Charles R. Summa,* for the appellant (plaintiff).

*Timothy S. Sullivan,* with whom, on the brief, was *Charles S. O'Connor,* for the appellee (defendant).

Avery, J. The plaintiff brought this action to recover damages for injuries alleged to have been received on January 29th, 1935, by reason of a fall upon a sidewalk in front of premises No. 39 Orange Street in the defendant city. In the complaint, she alleged that at a point about three or four feet north of the gate leading to the front entrance of this property, the sidewalk was defective and had become more dangerous by the accumulation of ice and snow thereon. The defendant demurred to the complaint upon the ground that the written notice required by General Statutes, § 1420, was insufficient in that it failed to state a structural defect in the sidewalk or describe any defect which caused her injury. The demurrer was sustained and the plaintiff refusing to plead further, judgment was entered for the defendant from which the plaintiff has appealed, claiming error in the ruling of the court in sustaining the demurrer. This is the only question involved on this appeal.

The complaint alleged that within the period required by law a written notice was served upon the defendant, of which the part material to this case was

as follows: "City Clerk of the city of Waterbury. This is to inform you that Mrs. Anna Christian of number 119 Orange Street, city of Waterbury, will claim damages for injuries which she received as a result of a fall on a defective sidewalk in front of property known as number 39 Orange Street, Waterbury, on Tuesday, January 29, 1935, at about 6.40 a.m. The defect in the sidewalk is located about three or four feet north of the gate to said property known as number 39 Orange Street and said defect was made more dangerous by the accumulation of ice and snow thereon."

The charter of the city of Waterbury (Special Acts, 1931, p. 634, § 249) provides: "The city shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of the city, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice or snow thereon." "Under this section neither the structural defect alone, nor the snow and ice alone, can create a cause of action, but when the structural defect exists and is made more dangerous by snow and ice upon the walk, the structural defect and the snow and ice in combination may create a cause of action provided the other factors are present." *Wladyka* v. *Waterbury,* 98 Conn. 305, 309, 119 Atl. 149. A structural defect is "a condition existing in the sidewalk itself which makes it not reasonably safe for public travel." *Krooner* v. *Waterbury,* 105 Conn. 476, 479, 136 Atl. 93. General Statutes, § 1420, which authorizes a recovery for injuries due to defects in highways, provides that no action for any such injury shall be maintained against a municipality unless written notice "of such injury and a general description of the same, and of the cause thereof and of the time and

place of its occurrence" be given within the time specified in the statute.

The notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time; and (e) the place thereof. *Sizer* v. *Waterbury,* 113 Conn. 145, 156, 154 Atl. 639. The cause of the injury required to be stated "must be interpreted to mean the defect or defective condition of the highway which brought about the injury." *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 Atl. 826; *Beisiegel* v. *Seymour,* 58 Conn. 43, 52, 19 Atl. 372; *Lilly* v. *Woodstock,* 59 Conn. 219, 222, 22 Atl. 40; *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 183, 99 Atl. 503; *Schmidt* v. *Manchester,* 92 Conn. 551, 553, 103 Atl. 654; *Frechette* v. *New Haven,* 104 Conn. 83, 91, 132 Atl. 467. "The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it." *Marino* v. *East Haven,* 120 Conn. 577, 578, 182 Atl. 225. The purpose of the requirement of notice to a municipality is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 82 Atl. 198; *Shaw* v. *Waterbury,* 46 Conn. 263, 265; *Krooner* v. *Waterbury,* 105 Conn. 476, 481, 136 Atl. 93; *Nicholaus* v. *Bridgeport,* supra, p. 400; *Marino* v. *East Haven,* supra, p. 579.

The statute requiring written notice to a municipality in such cases was amended in 1917 (Public Acts,

1917, Chap. 66), and it was provided that no notice under the provisions of the statute should be held invalid or insufficient "by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead" or that the municipality "was not in fact misled" thereby. While this amendment will not avail to make valid a notice which entirely fails to state an essential requirement, as the cause of an injury (*Nicholaus* v. *Bridgeport,* supra), or a general description thereof (*Marino* v. *East Haven,* supra), if the notice does contain a general description of the cause of the injury, as in this case, that it was due to a defect in the sidewalk, and under the circumstances of a given case it is sufficient for its intended purpose, it will be regarded as a good notice. *Sizer* v. *Waterbury,* supra, p. 158; *Delaney* v. *Waterbury & Milldale Tramway Co.,* supra, p. 181. The notice before us states that the plaintiff's injury was caused by a fall on a defective sidewalk; that the defect was made more dangerous by the "accumulation of ice and snow thereon;" and the place was located with great precision. It does not appear that the authorities of the city were misled or prejudiced by the notice as to the cause of the plaintiff's injury. Upon its receipt the municipality was informed precisely where the defect in the sidewalk was to be found and had all the information necessary to make whatever investigation might be considered necessary for the protection of the city's interests. Such a notice must be regarded as sufficient under the circumstances appearing upon these pleadings. It follows that the demurrer of the defendant city should have been overruled.

There is error; the judgment is set aside and the cause remanded to the Court of Common Pleas for the

Judicial District of Waterbury for further proceedings in accordance with law.

In this opinion the other judges concurred.