BARBARA EVA MELMER, p.p.a.
*vs.*
CITY OF MERIDEN

Superior Court · New Haven County File No. 59547

MEMORANDUM FILED NOVEMBER 14, 1940.

*David H. Jacobs,* of Meriden, for the Plaintiff.

*Watrous, Hewitt, Gumbart & Corbin,* of New Haven, for the Defendant.

MUNGER, J.  It seems clear that the notice given is sufficient.  In *Delaney vs. Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 182, the court, using language many times repeated in substance in other cases, says: "When the statute says that the notice shall contain a description of the cause of the occurrence from which injuries resulted, it means neither more nor less than that there should be a statement of that which occasioned or produced it."

It is plain in the instant case that the complaint and notice do in fact state the cause of the injury; nor does it seem possible to construe the language used in any other way.

Reading the notice also in the light of the opinion in *Christian vs. City of Waterbury,* 123 Conn. 152, I do not see how the sufficiency of the notice can be questioned.

The demurrer also attacks the complaint because it is said that it does not state a cause of action for nuisance.  This mistakes the effect of the allegations of the complaint.  It sets out with sufficient particularity how the plaintiff received her injury and abundantly states all of the facts necessary to constitute a cause of action for a defective highway.  The cause of the defect is clearly stated in the boulder projecting above the surface of the road.  It must of course be true that a huge stone projecting from the road might be dangerous to travel and this is the cause of the injury alleged so that we have clearly the presentation of a case seeking to establish liability for a defective highway under the statute.  It does not alter the sufficiency of the complaint because it also states that the defect was a nuisance.  If the highway was in fact defective the plaintiff's cause of action may be pressed even if the defect in the road also constituted a nuisance.  As the court said in *Bacon vs. Rocky Hill,* 126 Conn. 402, 405, 11 Atl. (2d) 399, 401, quoting from an earlier case: "It must be borne in mind that, while every defect in the highway which obstructs, hinders or endangers travelers thereon, is a nuisance, yet

it is not every nuisance which obstructs, hinders or endangers travelers upon a highway, that constitutes a defect of the highway within the meaning of this act." ·

The opinion in this *Bacon* case makes it abundantly clear that the complaint in the instant case cannot successfully be attacked by demurrer if it states a good cause of action for a defective highway merely because the condition is also alleged to have been a nuisance.

The court very much agrees with the observation of counsel that the growing practice of alleging nuisance in negligence cases often leaves confusion, brings no benefit to the pleader and would be far better omitted.

The demurrer must be overruled for the foregoing reasons.