STATE OF CONNECTICUT v. THE AETNA CASUALTY & SURETY COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 4—decided November 20, 1951

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

BROWN, C. J.   The state brought this action upon a policy procured pursuant to § 2183 of the General Statutes, whereby the defendant insured the state and

the highway commissioner against liability consequent upon defects in state-maintained highways. The defendant contested liability upon the ground, among others, that the plaintiff had violated an express condition of the policy requiring that the insured cooperate and assume no obligation. The court rendered judgment for the defendant and the plaintiff has appealed.

The facts are not in dispute. The defendant issued the policy insuring against liability from accidents occurring within the coverage period of July 1, 1947, to July 1, 1948. This insured the state and the commissioner against liabilities created by § 2201 of the General Statutes and required the defendant to defend against suits brought therefor even though "groundless, false or fraudulent." Any obligation of the defendant under the policy was expressly made subject to this condition: "B. Assistance and Cooperation of the Insured. The Insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense. . . ."

On July 27, 1949, Anthony Sisti brought suit against the state and the commissioner, alleging that on April 1, 1948, he had sustained injuries by reason of a defect in a state-maintained highway in Berlin and claiming $50,000 damages. Sisti had neither given notice within sixty days nor brought suit within one year, as required by § 2201. The General Assembly at its 1949 session adopted, subsequent to April 1, 1949, Special Act No. 484, which authorized Sisti to bring an action notwithstanding his failure either to give the notice or

to bring suit within the time prescribed in § 2201. 25 Spec. Laws 1207. The attorney general entered an appearance for the commissioner on August 8, 1949, and the defendant, upon receipt of the process forwarded to it, had its attorneys enter appearance for the state and the commissioner on September 14, 1949. On or about that date the defendant returned the process to the commissioner with a letter stating, "[W]e cannot defend this action nor can the Aetna Casualty & Surety Company be responsible for any judgment that may be obtained against the Highway Commissioner in connection with this lawsuit." Shortly after, the defendant's attorneys, over the objection of the attorney general, withdrew their appearance with the court's permission. The attorney general then advised the defendant that the state itself would defend the action and hold it responsible upon any adverse judgment rendered and upon "any settlement that we may deem necessary to make in this action, as well as the cost of defending this action." After a pretrial hearing, the state, deeming it advisable, settled the claim by the payment of $750, which was a reasonable adjustment. On May 15, 1950, the defendant refused the state's demand for reimbursement of the $750 plus $400 for defending the suit.

The court concluded that the plaintiff, by validating the defects in the Sisti action or waiving two defenses which otherwise would have been available to the defendant if compelled to defend, failed to comply with the condition of the policy quoted above; that the plaintiff had assumed an obligation and incurred an expense contrary to the condition of the policy; and that the defendant, by withdrawing its appearance for the defendants in the Sisti suit, had waived no defense which it had to the instant action. The question decisive of the appeal is whether the adoption of the

special act constituted a violation of the condition of the policy.

Sisti's right of action under § 2201 was purely statutory. The statute affords a right of recovery against the state similar to that given by § 2126 against municipal corporations for damages from defective highways, and is subject to the same limitations. *Pape* v. *Cox,* 129 Conn. 256, 259, 28 A. 2d 10. Accordingly, as our repeated decisions have determined, allegations and proof of the sixty days' notice required by the statute were a vital part of Sisti's case. "They go to the very existence of the action, which in the absence of compliance with the requirements of the statute does not exist at all. 'Until such notice is given no right of action exists.' *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 A. 98." *Barteis* v. *Windsor,* 134 Conn. 569, 572, 59 A. 2d 535; *Forbes* v. *Suffield,* 81 Conn. 274, 275, 70 A. 1023. Furthermore, the "general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 97 A. 765. Therefore at the time when the legislature adopted the special act, Sisti's cause of action was nonexistent for two reasons, first because the sixty days' notice had not been given, and second because suit had not been brought within one year. Neither of these requirements was a Statute of Limitations. The argument throughout the plaintiff's brief to the effect that the state has the right to validate existing causes of action by changing the Statute of Limitations does not apply to the case at bar because, for the reasons stated, Sisti never had a right of action.

The state is a legal entity which can function only

through its officers and agents or other duly constituted and qualified authorities. Acting through the comptroller as one of the former, it entered into this valid contract of insurance with the defendant. Acting through the legislature as one of the latter, it created, by the adoption of the special act, a cause of action in Sisti which was theretofore nonexistent. In other words, it thereby assumed at least a potential liability to him which before had not been chargeable against it. It is clear that its conduct in so doing not only manifested a lack of co-operation with the defendant but constituted a flat violation of the explicit provision in the condition that it would not "assume any obligation." It follows that the court's judgment in favor of the defendant must be sustained unless the above conclusion is unwarranted for one of the reasons advanced by the plaintiff in argument. *Rochon* v. *Preferred Accident Ins. Co.*, 114 Conn. 313, 316, 158 A. 815.

The plaintiff's first contention is that the defendant at the time the contract of insurance was executed was charged with knowledge that, under the law, in such a case against the state the "Legislature may extend the remedy where it has expired," and that, therefore, the words quoted were an implied provision of the policy, so that the subsequent adoption of the special act did not constitute a violation of the condition. The condition by its express terms is sufficient to negative any such implication. But further, as is conclusively established by our decisions, in so far as an action under § 2201 is concerned, neither the requirement of notice within sixty days nor the requirement of suit brought within a year is one which pertains only to the remedy; compliance with both is essential to the very existence of the cause of action. These considerations afford full answer to the claim as made. The plaintiff argues, however, that the case of *Sanger* v. *Bridgeport*,

124 Conn. 183, 187, 198 A. 746, furnishes support for its contention. In that case, which was an action to recover against the city under the statute for injuries from a defective highway, notice had been given and suit brought within the time specified in the statute. The only issue upon the appeal was the constitutionality of a special act validating a deficiency of the notice as given. Because of factual differences and particularly because the special act in question operated only to affect the liability of a subdivision of the state, and because no contract right of a third party was involved, the *Sanger* case is no authority for the proposition urged by the plaintiff.

Another claim by the plaintiff appears to be that the condition in the policy cannot be sustained because so to hold would recognize a power in the highway commissioner to "barter away," by contract, powers of the legislature, and this even the legislature itself cannot do. The policy contract in question neither purports to deprive the legislature of any power nor operates to produce that result. It is simply a contract executed pursuant to statute whereby, for a premium paid, the defendant insures the state against liability on claims of the nature specified, provided the state complies with the conditions stated in the policy. In a case where the state as to a given claim within the terms of the policy violates a condition by the adoption of such a legislative act as here, it loses its protection against that claim. That is a far cry from the bartering away of its power to legislate.

A final contention is that since the policy required the defendant to defend against suits brought, even though "groundless, false, or fraudulent," it should have defended the Sisti suit instead of renouncing any liability as it did. The law is to the contrary. *Goergen v. Manufacturers Casualty Ins. Co.*, 117 Conn. 89, 92,

166 A. 757. We there held that "counsel should have declared a breach and disclaimer of liability and either withdrawn from the case or reserved defendant's rights under the policy." In the case before us, defendant's counsel did withdraw as soon as the breach was discovered. Under the circumstances, the defendant was warranted in adopting the course taken, which was effective to extinguish all liability under the policy as to the Sisti case. Vance, Insurance (3d Ed.) p. 501. To have followed the course urged by the plaintiff would very likely have given rise to questions of waiver or estoppel, as pointed out in the *Goergen* case at page 93. See Vance, op. cit., pp. 492-495. This it was under no duty to do.

There is no error.

In this opinion the other judges concurred.