DOMENIC LORUSSO, ADMINISTRATOR v. G. ALBERT HILL,
HIGHWAY COMMISSIONER

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 19621
AT WATERBURY

Memorandum filed December 18, 1951.

*Joseph N. Perelmutter* and *Bronislaw Winnick,* of Seymour, and *James M. Lynch,* of Waterbury, for the Plaintiff.

*Carmody, Larkin & Torrance,* of Waterbury, *George C. Conway,* Attorney General, and *Jack Rubin,* Assistant Attorney General, of Hartford, for the Defendant.

KING, J. The plaintiff's complaint seeks damages for the death of the plaintiff's decedent, claimed to have been caused by a defective state highway which the defendant, as highway commissioner, was under a duty to keep in repair.

The complaint purports to state a cause of action under General Statutes, § 2201, relating to state highways. In paragraph 8 the complaint alleges, in effect, that no statutory notice is being given because the action itself is being brought within the period (here sixty days) within which such notice is required.

The defendant demurs to the complaint for its failure to allege the giving of the statutory notice.

Obviously if the action had been against a town, under § 2126, the complaint, under the express terms of the statute, would have been adequate. However, there is absent from § 2201 the language in § 2126 obviating the requirement of the giving of the statutory notice when the action itself is commenced within the time allowed for the giving of that notice.

The cause of action is nonexistent at common law, stems solely from the statute creating it, and consequently can exist only when the terms of the statute are complied with. Then, and not before, does the cause of action come into existence. If the

statute required the giving of a notice, then compliance there-with is an essential element of the right of action conferred. *Hoyle* v. *Putnam*, 46 Conn. 56, 61; *Forbes* v. *Suffield*, 81 Conn. 274, 275.

The exception in the statute relating to towns (§ 2126), authorizing, as an alternative to the giving of the statutory notice, commencement of the action itself within the time limited for the giving of such notice, first appeared in chapter 168 of the Public Acts of 1909. No corresponding alternative procedure is authorized in § 2201.

It follows that the giving of the statutory notice is an essential element of the statutory cause of action authorized by § 2201 which, as any other essential element, must be alleged in the complaint. *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 237; *State* v. *Aetna Casualty & Surety Co.*, 138 Conn. 363, 367.

For the foregoing reasons the demurrer must be, and is, sustained.