DOMENIC LoRUSSO, ADMINISTRATOR (ESTATE OF CANIO LoRUSSO) *v*. G. ALBERT HILL, HIGHWAY COMMISSIONER

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 5—decided March 3, 1953

*Joseph N. Perelmutter*, with whom, on the brief, was *Bronislaw Winnick*, for the appellant (plaintiff).

*Walter F. Torrance, Jr.*, with whom, on the brief, were *William J. Larkin* and *William J. Larkin, 2d*, for the appellee (defendant).

O'SULLIVAN, J. This action was brought to recover damages for the death of the plaintiff's decedent. A demurrer to the complaint was sustained and,

from the judgment thereafter rendered, the plaintiff has appealed.

The following facts, conceded for the purpose of testing the demurrer, will be an ample basis for a discussion of the legal question raised by the appeal. The plaintiff's decedent was killed on August 21, 1951, by the overturning of his milk truck on a state highway which was under the defendant's supervision. The sole proximate cause of his death was the defective condition of the highway. The defendant had known of this condition for a long time but had neglected to remedy it.

On October 9, 1951, a writ, issued on the present plaintiff's behalf and returnable to the Superior Court on the first Tuesday of November, 1951, was served on the present defendant in his capacity as state highway commissioner. Accompanying the writ was a complaint alleging the time and place of the accident and describing in detail the defect in the highway and the injuries which it caused. A demurrer to the complaint in that case was sustained on the ground that the plaintiff did not allege the giving of notice to the commissioner. *Lorusso* v. *Hill*, 17 Conn. Sup. 419. On February 5, 1952, the plaintiff withdrew that action and, on the same day, brought the instant one. The complaint now before us alleges that notice was given to the commissioner by the service upon him of the complaint in the original action. The sole question on this appeal is whether that service was a sufficient compliance with the statutory provision requiring notice.

The complaint in the case at bar purports to state a cause of action under General Statutes, § 2201. This section provides, in part, that, in case of the death of a person injured on a state highway through a defective condition which exists because of the

neglect or default of the state or of any of its employees, his administrator may bring a civil action against the highway commissioner to recover damages for the injuries sustained. The statute then continues: "No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence shall have been given within sixty days thereafter to the highway commissioner."

This requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose was merely to furnish the commissioner with such information as would enable him to make a timely investigation of the facts upon which a claim for damages was being made. *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152. If the legislature had prescribed a specific method for a claimant or his administrator to pursue when giving notice, that method would have been exclusive. The statute, however, is silent on the subject. No modus operandi is provided for, even in broad outlines. It follows that whether the service of the original complaint was a notice within the statute is to be determined with reference to the purpose for which the giving of notice is required.

The word "notice" may be defined as that which imparts information to the one to be notified. See Webster's New International Dictionary (2d Ed.). It was in this, and not in a technical, sense that the legislature used the word. The defendant concedes that the contents of the original complaint furnished him with all of the required data listed in the statute. He received notice, then, because he had been given the information which it was the duty of the plaintiff to supply.

The statute prohibits the institution of any action unless notice "shall have been given." The use of the future perfect tense indicates the necessity of completing the act of giving notice before suit is brought. *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 239, 56 A.2d 519. For this reason, the original complaint could not serve simultaneously as both complaint and notice. When the original action was withdrawn, the complaint forfeited its status as a complaint, but it did not lose its distinctive character as a notice. It always had been a notice although incapable of use as such in the former action because it did not antedate the institution of that action. For this reason it is inaccurate to say, as the defendant does, that the use of the original complaint as a notice results in the creation, after the sixty-day period has passed, of a cause of action that had not existed during that time. Since the original complaint was a notice, the cause of action arose when the commissioner was served in the original action. The demurrer to the complaint in that action was properly sustained, not because a cause of action did not exist, but because none was alleged. In the absence of anything in the statute to the contrary, the original complaint may now be relied upon as a sufficient notice to the defendant.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion JENNINGS, BALDWIN and INGLIS, Js., concurred.

BROWN, C. J. (dissenting). I disagree with the majority's conclusion that the complaint in the first action constituted sufficient notice under § 2201 of the General Statutes. The plaintiff's right of recov-

ery was purely statutory, and no cause of action existed unless and until notice was given within the sixty days prescribed by the statute. *State* v. *Aetna Casualty & Surety Co.,* 138 Conn. 363, 367, 84 A.2d 683. It is because I am unable to accept the majority's interpretation of the meaning of "notice" as used in the statute that I dissent.

There are two reasons for the statute's requirement as to notice in any action to recover for injuries due to a highway defect, whether against a town or the state. We have several times reiterated what they are. As to the commissioner, the notice is to give him "such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 82 A. 198; *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 400, 167 A. 826; *Christian* v. *Waterbury,* 123 Conn. 152, 155, 193 A. 602; *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522; see also *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 A. 503; *Krooner* v. *Waterbury,* 105 Conn. 476, 481, 136 A. 93; *Marino* v. *East Haven,* 120 Conn. 577, 579, 182 A. 225; *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 433, 40 A.2d 770; *Shaw* v. *Waterbury,* 46 Conn. 263, 266. It was as requiring these essentials and not in a technical sense that the legislature used the word "notice" in the statute. As the majority opinion correctly states, "whether the service of the original complaint was a notice within the statute is to be determined with reference to the purpose for which the giving of notice is required."

The language quoted from the *Cassidy* case, supra,

makes it clear that under it the requisite notice serves a dual purpose, (1) to prompt the commissioner to make the inquiry deemed necessary for the protection of his interests, and (2) to afford the information reasonably necessary to enable him to make inquiry to that end. Both are essential to a valid notice. In the case at bar, it is not disputed that the allegations of the complaint in the original action satisfied the second essential. It is equally apparent that it did not satisfy the first. At the time the process in that action was served on the commissioner he had received no notice. He therefore knew that under the law the claim asserted by the plaintiff's complaint was unenforceable. This was confirmed by the express allegation in paragraph 8 thereof that no notice had been given him because "this complaint is being served . . . within sixty days of the date of the accident." This course of action not only failed to "prompt" the commissioner to make inquiry for the preservation and protection of his interests but amounted to an assurance that he had no occasion to do so. It therefore defeated a primary and essential purpose of the notice which the statute expressly prescribes must be given. Knowledge imparted through notice which fails to portend at least potential liability cannot satisfy the statute. See *Nicholaus* v. *Bridgeport,* supra, 401; *Crocker* v. *Hartford,* 66 Conn. 387, 391, 34 A. 98; *Gardner* v. *New London,* 63 Conn. 267, 273, 28 A. 42.

Since in the instant case the question is presented solely on the defendant's demurrer to the complaint in the second action, the record does not disclose whether and to what extent the commissioner has been prejudiced by lack of the sufficient notice which the statute requires. The pertinent dates, however,

suffice to suggest not only the potential prejudice which may have resulted in this case but also the danger of applying the majority's interpretation in other cases. This accident occurred on August 21, 1951. The first action was instituted and presumably served on the defendant on October 9, 1951. That action was withdrawn and the present action was served on the defendant on February 5, 1952. Although it was on that date, 168 instead of 60 days after the accident, that the defendant was first notified, as required by the cases cited above, of the need of making inquiry to protect himself, the notice would satisfy the statute under the majority's decision. To my mind, to state such a proposition is to refute it.

I conclude that the process in the first action did not constitute notice under the statute and that the court did not err in sustaining the demurrer to the complaint.