REGINA A. GAUTHIER *v.* CITY OF ROCKVILLE

SUPERIOR COURT        TOLLAND COUNTY        FILE No. 6254

Memorandum filed September 29, 1953.

*Stephen E. Ketcham,* of Rockville, for the Plaintiff.

*Samuel Engelman,* of Bridgeport, for the Defendant.

ANDERSON, J. The plaintiff is suing the defendant city under § 462b of the 1951 Supplement to the General Statutes for injuries which she sustained when she fell on a sidewalk on the southerly side of Village

Street in the city on September 26, 1952. On October 6, 1952, she gave to the city clerk of Rockville the following written notice:

"This is to notify you, that on Sept. 26th, 1952, I fell on the side walk in front of 37 Village St., City

"Was in the Hospital for a week

"My big toe on left foot was hurt, both knees, and right shin, also right hip, and back

"Doctor Ferguson I am sure, will give you full information, on the amount of Injuries.

> "Mrs. Regina Gauthier
> 35½ Village Street
> Rockville, Connecticut

"P.S. It is time that place gets fixed, there are others who have fell there so they have told me."

The defendant's demurrer to the complaint is based upon a defect in this notice. It is the defendant's contention that the notice does not state the cause of the injury, as the statute upon which the action is based requires.

The "cause" of the injury which is required to be stated was, in *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, interpreted to mean the defect or defective condition of the sidewalk which brought about the injury.

In *Christian* v. *Waterbury,* 123 Conn. 152, 155, it was held "[t]he purpose of the requirement of notice to a municipality is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.'"

The notice in the present case was not adequate to fulfil the purpose above defined. In *Christian* v. *Waterbury,* supra, the court held that the cause of the injury was sufficiently set forth by a notice which said the injury was caused by a fall on a "defective sidewalk." In that case, however, considerable emphasis was placed upon the precision with which the place of the defect was located. This factor largely supplemented the generality of the description of the cause and gave guidance to the city in conducting its inquiry into the matter in finding out precisely what the defect was and in obtaining such information as the city might deem helpful in protecting its interests.

While in the notice in the present case an inference may be drawn from the words of the postscript, "It is time that place gets fixed," in connection with the first sentence which says, "I fell on the side walk in front of 37 Village St., City," that there was a defect in the sidewalk, nevertheless, it is only an inference; and it is unaided by a precise description of location. The sidewalk in front of 37 Village Street may have been 40 feet long or 400 feet long; the defect may have been a portion of the sidewalk lifted up by growing tree roots, or a deep hole washed out by water, or a slight depression or a slight protuberance or a soft spot in the walk's surface or a hard and slippery portion of it. There may have been several of the same kind of defect as in the case of *Schaap* v. *Meriden,* 139 Conn. 254.

The notice was not sufficient, and the complaint is not saved from its invalidity on the ground that the plaintiff had no intention to mislead and that the city was not in fact misled by it because the complaint makes no such allegations.

The demurrer is sustained.