[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 123)
The defendant commissioner of transportation moves for summary judgment on the ground that the statutory notice requirement as it pertains to the description of the plaintiff's injuries is defective and therefore fatal to his cause of action under General Statutes 13a-144. The notice furnished by the plaintiff's attorney stated my client suffered severe personal injuries as well as property damage to his vehicle."
Section 13a-144 of the General Statutes which authorizes suits against the state for damages resulting from defective highway provides in part the following: "No such action shall be brought . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."
Furnishing notice to the commissioner is a statutory requirement which is a condition precedent to maintaining an action against him for defective highway. Ozmum v. Burns,18 Conn. App. 677, 680 (1989). "Ordinarily, the question of the adequacy of notice `is one for the jury and not for the court, and the cases make clear that this question must be determined on the CT Page 1766 basis of the facts of the particular case.' . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet the statutory requirements." Zotta v. Burns, 8 Conn. App. 169, 173 (1986), quoting Morico v. Cox, 134 Conn. 218, 223 (1974). "Whether the notice fails to meet requirements of the statute must be determined by examining the purpose of the notice." Ozmum v. Burns, supra 680. "This requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose was merely to furnish the commissioner with such information as would enable him to make a timely investigation of the facts upon which a claim for damages was being made." LoRusso v. Hill, 139 Conn. 554,557 (1953).
The obvious purpose of requiring that the claimant give a description of his or her injury was to put the commissioner on notice of the seriousness of the accident and the extent of the investigation which is necessary to protect the interests of the state. This purpose is underscored by the language of the 13a-144
which merely requires a "general description of the" injury whereas all the other notice requirements — that is, the cause, time and place — are not so qualified. See Sizer v. Waterbury,113 Conn. 145, 157 (1931).
Viewed from this perspective, the notice which furnishes the commissioner with information that the personal injury was "severe" was not so insufficient as to make the issue a question of law. The commissioner was put on notice that it was a serious injury which required his prompt attention and investigation. The trier of fact can reasonably determine this satisfies the statutory requirement that the claimant furnish notice of a "general, description" of the injury.
The present case must be distinguished from the following cases, upon which the defendant relies, that hold the description of the injury was insufficient as a matter of law: Mascagna v. Derby, 123 Conn. 684, 685 (1937). ("[A]t present do not know the full extent of my injuries."); Marino v. East Haven, 120 Conn. 577. 580-81 (1935) ("[F]ell and was injured."); Kennedy v. Burns, Superior Court, Stamford Judicial Dist., aff'd, 9 Conn. App. 808
(1986) ("[P]ersonal injuries, the full extent of which are still undetermined".) Unlike the present case, none of the foregoing cases identified the extent of the injuries to alert the commissioner as to the seriousness of the injury and the potential extent of the state's liability.
In sum, the description of ;severe personal injuries" is not, as a matter of law, insufficient notice under 13a-144 and the issue is one for the trier of fact. Accordingly, the motion for CT Page 1767 summary judgment is denied.
ROBERT I. BERDON, JUDGE