[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT CITY OF NORWALK'S MOTION FOR SUMMARY JUDGMENT #188
In April, 1991, plaintiff Holland, an employee of intervening plaintiff, United Parcel Service ("UPS"), brought a defective highway claim pursuant to General Statutes 13a-149
against the defendant City of Norwalk ("the city"). (Plaintiff Holland served notice upon the defendant as required by13a-149.) The plaintiff allegedly was acting within the scope of his employment when he sustained his injuries. UPS subsequently intervened pursuant to General Statutes 31-293 in order to obtain reimbursement for workers' compensation benefits paid to the plaintiff. In so doing, UPS filed its action for reimbursement within the ninety-day period as required by31-293(a); however, UPS did not independently serve notice pursuant to 13a-149 upon the City.
Now, the City moves for summary judgment (#188) on UPS's intervening complaint on the ground that UPS failed to file notice of its intent to commence a defective highway action against the City, as required by 13a-149.
Generally, a plaintiff who fails within ninety days to provide the municipality with notice pursuant to 13a-149 will be barred from any recovery. Sanzone v. Board of Police CT Page 7627 Commissioners, 219 Conn. 179, 198, 592 A.2d 912 (1991). "The requisite notice serves a dual purpose: (1) to prompt the commissioner to make the inquiry deemed necessary for the protection of his interests, and (2) to afford the information reasonably necessary to enable him to make inquiry to that end." LoRusso v. Hill, 139 Conn. 554, 560, 95 A.2d 698 (1953). The notice requirement "permit[s] the commissioner to gather information to protect himself in the event of a lawsuit." Warkentin v. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992).
In the present case, the plaintiff, as the person who allegedly was injured by the defective highway, served notice on the City pursuant to 13a-149. Since it is not claimed that this notice was defective, the City has been given the opportunity to do an investigation and gather facts and information necessary to defend itself in a lawsuit. Thus, the purpose of 13a-149 has been fulfilled.
Requiring an employer who seeks reimbursement pursuant to31-293 to serve a second notice upon a municipality would serve no purpose. The employer is not the injured traveler who seeks to recover for injuries suffered as a result of a defective highway. Rather, the employer seeks only to be reimbursed for workers' compensation benefits paid to its injured employee. In such a situation, the employer's claim for reimbursement does not stand to increase the municipality's overall liability for the employee's injuries. Therefore, the City's motion for summary judgment is denied.
LEHENY, JUDGE