[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT AND CONCLUSIONS OF LAW
FINDINGS OF FACT
1. The plaintiff, Minnie Harris, fell at approximately 3:00 p. m., on August 21, 1991 while walking on "College Plaza" in the City of New Haven.
2. The plaintiff fell at the location of a crack in the sidewalk.
3. The plaintiff gave the notice required by § 13a-149 of the General Statutes to the City of New Haven in a timely manner.
4. The plaintiff had walked past the location of the crack in the sidewalk a short time before she fell and passed that location without incident.
5. The plaintiff fell while returning to her parked car. She was looking at the car because of concern about her invalid brother who was a passenger sitting in the car. He suffered from a cardiac condition. The weather on the day of the fall was quite warm.
6. The defendant City had no previous actual notice of the condition complained of and had received no reports of previous injuries at the location in question.
CONCLUSIONS OF LAW
1. A highway defect, including a sidewalk defect, is any object in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of travelling thereon, or which, from its nature and position, would be likely to produce that result which would generally constitute CT Page 8086 a defect in the highway. Chazen v. New Britain, 148 Conn. 349,352 (1961).
2. Connecticut decisions had established as a necessary condition which alone would permit a recovery on the ground that a road or bridge is "defective" a condition which renders the road or bridge "not reasonably safe for public travel". Krooner v. Waterbury,105 Conn. 476, 479 (1927).
3. The court finds as a matter of law that the plaintiff failed to make a prima facie case that the condition complained of constituted a "defect" as that term is used in § 13a-149 of the Connecticut General Statutes.
4. The court finds as a matter of law that the plaintiff failed to make a prima facie case that at the time of the incident complained of she was "exercising due care".
For the foregoing reasons the court finds for the defendant City of New Haven.
BY THE COURT Kevin E. Booth, Judge