[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action brought against the defendant Edward Turn seeking damages for making false statements against the plaintiff. The plaintiff also seeks the advantage to him of municipal indemnity for Mr. Turn under the provisions of General Statutes § 7-101a, as directed to the Town of Andover.
The defendants claim, in this amended motion for summary judgment, that the action must fail against the Town of Andover because, they claim, the plaintiff failed to provide the six month notice required by General Statutes § 7-101a, thereby depriving the defendant Turn of the benefit of indemnity under General Statutes § 7-101a. They further claim, however, that failure to give timely notice deprives the court of jurisdiction over all defendants. CT Page 865
The plaintiff counters the motion by alleging that by commencing a law suit within the six month period, which was later withdrawn, he has complied with the six month notice provision of General Statutes § 7-101a. It appears that there is no question but that the first law suit complaint dated April 3, 1998, return date June 2, 1998, was commenced and later withdrawn. The defendants contend that this initial suit was not notice to the Town.
There are no cases annotated under General Statutes §7-101a. However, the Supreme Court has determined a case which is precisely in point, concerning however the requisite ninety day notice under the defective highway statute, General Statutes § 13a-144. "When the original action was withdrawn the complaint forfeited its status as a complaint, but did not lose its distinctive status as a notice. . . . Since the original complaint was a notice the cause of action arose when the Commissioner was served in the original action." LaRusso v. Hill,139 Conn. 554, 558 (1953).
The claim of governmental immunity as concerns the employee, as proffered by the Town, is tied to the claim of untimely or absent notice, which notice claim is specifically rejected by the court.
The claim of governmental immunity by the Town, as concerns itself, is specifically abrogated under these circumstances by the terms of General Statutes § 7-101a. Timely notice having been found, the claim of governmental immunity by the town is rejected by the court.
The motion for Summary Judgment of the defendants is denied in its entirety.
L. Paul Sullivan, J.