## REGINA A. GAUTHIER *v.* CITY OF ROCKVILLE

SUPERIOR COURT          TOLLAND COUNTY          FILE NO. 6254

Memorandum filed April 15, 1954.

*Stephen E. Ketcham,* of Rockville, and *John D. La-Belle,* of Manchester, for the plaintiff.

*Samuel Engelman,* of Bridgeport, for the defendant.

KING, J. The plaintiff's complaint, as amended, seeks damages for personal injuries sustained in a fall alleged to have been caused by a defect in a public sidewalk on September 26, 1952.

Paragraph 10 alleges the giving of a statutory notice, a copy of which is annexed to, and incorporated in, the complaint and marked exhibit A. Paragraph 11 alleges that the plaintiff had no intention of misleading the defendant in said written notice and that the defendant was not in fact misled thereby. The defendant demurs on the ground that the statutory notice, exhibit A, does not state the cause of the fall as required by statute (Cum. Sup. 1953, § 957c). The demurrer makes no claim that the notice is inadequate in any of the other four require-

ments of the statute as set forth in *Sizer* v. *Waterbury*, 113 Conn. 145, 156.

The plaintiff relies on the allegations of paragraph 11 of the amended complaint which seek to invoke the so-called "saving clause" in the last sentence of § 957c. The demurrer necessarily admits these allegations.

The only description of the "cause" of the accident in exhibit A is as follows: "P.S. It is time that place gets fixed, there are others who have fell there so they have told me." The location of the fall is given as "on the sidewalk in front of 37 Village St., City."

While paragraph 11, if proved, would suffice to make sufficient a defective, inaccurate or imperfect statement of the cause of injury, it will not make sufficient a total omission to state any cause of injury at all. *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401. In such case the notice would be held inadequate as matter of law. *Morico* v. *Cox*, 134 Conn. 218, 222. The cause of injury is "the defect or defective condition of the [sidewalk] which brought about the injury." *Nicholaus* v. *Bridgeport,* supra.

The giving of a proper statutory notice is a condition precedent to a cause of action, where, as here, suit is not instituted within sixty days after the alleged occurrence. *Hoyle* v. *Putnam,* 46 Conn. 56, 61; *Marino* v. *East Haven,* 120 Conn. 577, 579; *Lorusso* v. *Hill,* 17 Conn. Sup. 419; s.c., 139 Conn. 554, 558.

It is true that here the notice gives no clear description of the character of the claimed defect. Whether it consisted of a depression, an obstruction, a protuberance, a break in a pavement or something else is left unexplained. However, the fair import of the notice is that the plaintiff fell on a place that ought to get fixed on the sidewalk in front of an identified residence.

If the statutory notice were required to conform to the strict rules governing a pleading, there is little doubt that the defendant's demurrer would be well taken. But such is not the case. *Sizer* v. *Waterbury*, 113 Conn. 145, 158; *Cassidy* v. *Southbury*, 86 Conn. 45, 49. Unless there is a complete omission of any description of the cause of injury, the adequacy of the notice is a question of fact under the circumstances. This is true even under the statute (General Statutes § 2201) as to notice in actions against the highway commissioner, which, unlike that involved in the instant case, has no saving clause. *Morico* v. *Cox*, 134 Conn. 218, 222.

Here it cannot be said, especially in the face of the defendant's demurrer admitting the allegations of paragraph 11 of the complaint, that the plaintiff might not succeed in proving that the statement given was adequate under the circumstances as they may turn out to have existed. This is enough to require the overruling of the demurrer. There is little if any practical difference in imparting information to the defendant between a statement that the plaintiff fell on a "defective" portion of a sidewalk at an identified place and a statement that she fell on a place in the sidewalk which ought to be fixed at an identified place, which was the fair meaning of the words used here. The former statement was held adequate to go to the jury in *Christian* v. *Waterbury*, 123 Conn. 152, 154. Indeed, the present case may well turn out to be stronger in that it is at least uncomplicated by the claimed presence of snow or ice with the corresponding changes necessarily wrought by fluctuations in temperature.

For the foregoing reasons the demurrer must be, and is, overruled.