ANNA M. ROSS *v.* CITY OF NEW LONDON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 10-6507-4904

Argued February 25—decided May 6, 1966

*Richard E. Gruskin,* of New London, on the brief for the appellant (plaintiff).

*Edmund J. Eshenfelder,* of New London, on the brief for the appellee (defendant).

ZARRILLI, J.  The plaintiff instituted an action against the city of New London, alleging that she sustained injuries as the result of a fall on March 8, 1965, while walking within the limits of the city on a sidewalk in front of 122 Vauxhall Street and that on March 16, 1965, she gave the clerk of the city of New London a written notice of the injury, the pertinent portion of which read as follows: "The claim is that the fall was caused by the neglect of the city in the maintenance and repair of the sidewalk at said site." To the complaint the defendant filed a demurrer on the specific ground that the notice failed to give any description of the cause of the alleged injury as required by § 13a-149 of the General Statutes. Upon the failure of the plaintiff to plead over after the demurrer was sustained, judgment was rendered in favor of the defendant and this appeal was taken.

The sole issue for determination is the sufficiency of the notice of injury given by the plaintiff. Section 13a-149 imposes upon a claimant the duty of giving a municipality "written notice of . . . [the] injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence." The purpose of these requirements is to enable the municipality to make a timely and appropriate investigation of the place where the injury allegedly occurred, for the protection and preservation of the interests of the municipality. *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 433; *Christian* v. *Waterbury,* 123 Conn. 152, 155. It is "to furnish the party against whom a claim was to be made such warning as would

prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury,* 86 Conn. 45, 49; *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 400; *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 372. A written notice of injury containing the essential requisites prescribed by the statute is a condition precedent to the cause of action. *Wethersfield* v. *National Fire Ins. Co.,* supra; *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 237. Where the notice fails entirely to meet the requirements of the statute, the question of its sufficiency is one of law for the court to determine. *Schaap* v. *Meriden,* 139 Conn. 254, 256; *Morico* v. *Cox,* 134 Conn. 218, 220.

When we turn to a consideration of the notice of injury given in the case at bar, it becomes immediately apparent that it fails to specify the defect in the highway which resulted in injury to the plaintiff. "The cause of the injury required to be stated 'must be interpreted to mean the defect or defective condition of the highway which brought about the injury.'" *Christian* v. *Waterbury,* supra, 155; *Beisiegel* v. *Seymour,* 58 Conn. 43, 52. What exactly was the neglect of the city in the maintenance and repair of the sidewalk in front of the premises at 122 Vauxhall Street which brought about the injuries claimed by the plaintiff? Was it a large, small or medium hole, a ditch, a gully, a rut, a depression, or the elevation of a portion of the sidewalk, or perhaps the failure of the city effectively to remove snow or ice accumulated thereon? What was the city to look for in the protection and preservation of its interests, and to enable it properly to prepare a defense, if any, against the claim of the plaintiff?

Certainly, the use of the words "neglect," "maintenance" and "repair" gives no clue whatsoever as to the direct cause of the fall in question, nor do the words give any indication of that which occasioned or produced the fall. In *Beisiegel* v. *Seymour, supra,* our Supreme Court held that the words "by means of the highway being defective, and out of repair," were clearly insufficient. In practical effect, such words amount to nothing more than the use of unnecessary embellishment in a notice of injury. It is sufficient and customary in defective highway cases to state that the cause was a specified defective condition, "without further statement that it in turn was due to negligence in failing to keep the highway in repair or otherwise." *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 183.

Since the notice before us fails entirely to state the cause of the plaintiff's fall, the provision in the statute, § 13a-149, that no notice shall be held invalid because of an inaccuracy in stating the cause of the injury, if the conditions stated in the statute appear, avails the plaintiff nothing. *Nicholaus* v. *Bridgeport, supra,* 401; *Sizer* v. *Waterbury,* 113 Conn. 145, 154. The situation under consideration is readily distinguishable from that in *Gauthier* v. *Rockville,* 19 Conn. Sup. 42, 44. There the court emphasized the fact that the demurrer admitted the allegation in the complaint to the effect that the plaintiff had no intention of misleading the city and also that the city was not in fact misled by any inaccuracy in describing the cause of injury in the notice. Here the so-called saving clause has not been pleaded, and its absence makes the complaint totally defective. Furthermore, relying on *Christian* v. *Waterbury, supra,* 154, the Superior Court ruled that the use of the word "defective" was sufficient. A careful reading of that case, however, discloses that the notice described the place of injury with

great particularity, and to the word "defect" or "defective" the clause "said defect was made more dangerous by the accumulation of ice and snow thereon" was added. The addition of those words was enough to make the notice in the *Christian* case sufficient.

Interestingly enough, the identical notice ruled on by (now) Chief Justice King in *Gauthier* v. *Rockville,* 19 Conn. Sup. 42, had been previously held insufficient by Judge Robert Anderson in *Gauthier* v. *Rockville,* 18 Conn. Sup. 330, 332. In the latter case, it also appears that the saving clause had not been pleaded, thereby making the pleadings identical to the situation at hand.

We hold that the notice in the present case does not contain a definite or intelligible statement of any distinct cause of injury and is, therefore, defective on its face. Consequently, as a matter of law, it is insufficient to entitle the plaintiff to maintain the action.

There is no error.

In this opinion STAPLETON, J., concurred.

JACOBS, J. (dissenting). The majority opinion holds that the notice in this case, the relevant portion of which is printed in the footnote,[1] is insuffi-

---

[1] "March 16, 1965

Miss Elizabeth Roath
Town Clerk
Municipal Building
New London, Connecticut

Dear Miss Roath:

This is to give notice of the claim of Mrs. Anna M. Ross against the City of New London by virtue of injuries which she sustained in a fall in front of the premises known as No. 122 Vauxhall Street at about 7:30 p.m. on March 8, 1965. The claim is that the fall was caused by the neglect of the city in the maintenance and repair of the sidewalk at said site.

[The final paragraph recited a description of the nature and extent of the injuries sustained by the claimant.]"

cient "as a matter of law." I cannot agree with the majority's reasoning that "[s]ince the notice before us fails entirely to state the cause of the plaintiff's fall, the provision in the statute, § 13a-149, that no notice shall be held invalid because of an inaccuracy in stating the cause of the injury, if the conditions stated in the statute [otherwise] appear, avails the plaintiff nothing."

"The demurrer [in the case before us] makes no claim that the notice is inadequate in any of the other four requirements of the statute as set forth in *Sizer* v. *Waterbury,* 113 Conn. 145, 146." *Gauthier* v. *Rockville,* 19 Conn. Sup. 42. The only fault which the majority finds with the notice is that it "does not contain a definite or intelligible statement of any distinct cause of injury." Stated otherwise, the majority opinion holds that the physical cause is not sufficiently stated in the notice. They ask: "Was it a large, small or medium hole, a ditch, a gully, a rut, a depression, or the elevation of a portion of the sidewalk, or perhaps the failure of the city effectively to remove snow or ice accumulated thereon?" In *Gauthier* v. *Rockville,* supra, cited in the majority opinion, Judge King (as he then was) said of the notice in that case (p. 43): "It is true that here the notice gives no clear description of the character of the claimed defect. Whether it consisted of a depression, an obstruction, a protuberance, a break in a pavement or something else is left unexplained." Yet, in that case, Judge King ruled (p. 44) that "the demurrer must be, and is, overruled." The distinction which the majority draws between the present case and *Gauthier* is tenuous indeed—a distinction to which I cannot subscribe.

In my opinion, the error into which the majority has fallen is that it is under the mistaken notion

that the cause of the injury in the notice must be drawn with the technical nicety necessary in pleading. Not at all; the rule is to the contrary. See *Gauthier* v. *Rockville, supra,* 44, and cases there cited; 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.163, p. 590; 63 C.J.S. 364 n.26, Municipal Corporations, § 925 (4). "The test of the specification's sufficience is whether it fulfills the purpose of the requirement [of the statute] by giving such information to the noticee as will enable investigation and intelligent judgment on the questions significant to it." 2 Merrill, Notice § 802, p. 303; see *Marino* v. *East Haven,* 120 Conn. 577, 579, note, 103 A.L.R. 298; 38 Am. Jur. 383, Municipal Corporations, § 674. "If the notice furnishes sufficient information to enable the city to investigate the claim of negligence, nothing more is required. Brevity or inaccuracy of the statement as to the circumstances under which the injury was sustained have been considered by the court with liberality, especially where it does not and cannot mislead the municipal authorities." 18 McQuillin, op. cit. § 53.168, p. 605. Had there been a complete failure to make notification of the cause of the injury, the statute (§ 13a-149) would not apply. See *Main* v. *North Stonington,* 127 Conn. 711.

The only reasonable construction to be given the language used in the notice, to paraphrase *Gauthier* v. *Rockville, supra,* 43, "is that the plaintiff fell on a place [which was in a state of disrepair that was caused by the neglect of the city] . . . on the sidewalk in front of an identified residence." So construed, there is sufficient precision in the notice to achieve the general statutory purpose. In any event, I would prefer to hold that "[u]nless there is a complete omission of any description of the cause of injury, the adequacy of the notice is a question of fact under the circumstances." *Gauthier* v. *Rockville,*

supra, 44; see 2 Merrill, op. cit. § 855, p. 371; note, 103 A.L.R. 298, 299; 38 Am. Jur. 402, Municipal Corporations, § 698.

In my view, the trial court should have overruled the demurrer.