[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102A
On August 6, 1991, the plaintiffs, Virginia Winslow and Stanton Winslow, filed a two-count complaint against the defendant Town of Bloomfield. In the first count, the plaintiffs allege that plaintiff Virginia Winslow slipped and fell on a defective sidewalk located within the town of Bloomfield. The plaintiffs allege that the fall was caused by the defective condition of the sidewalk, that the defendant knew or should have known of this condition, and that plaintiff Virginia Winslow suffered personal injuries as a result of her fall. The plaintiffs allege that they served the defendant with notice of their claim, and they attach a copy of this notice to the complaint.
In the second count, the plaintiffs allege that plaintiff Stanton Winslow was married to plaintiff Virginia Winslow, and that he suffered loss of consortium damages.
On September 12, 1991 the defendant filed an appearance.
On October 28, 1991 the defendant filed a motion to dismiss the complaint and a memorandum of law in support thereof. The ground for the motion is that "[t]he notice filed by the plaintiff is defective in that the notice [is] too vague, both as to cause and location to satisfy the notice requirement of Connecticut General Statutes Section13a-149." CT Page 7989
On November 27, 1991 the plaintiff filed a memorandum in opposition to the motion to dismiss.
On December 17, 1991 the court, Schaller, J., denied the motion to dismiss because it was not timely filed pursuant to Practice Book 142. On July 13, 1992 the court, Burns, J., vacated the earlier denial of the motion to dismiss.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . ." Practice Book 143. "[W]henever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
The defendant argues that the notice which the plaintiffs provided was insufficient to meet the requirements of General Statutes 13a-149 because the notice was vague in its description of the location and cause of the plaintiff's fall.
The plaintiffs argue that by challenging the sufficiency of the notice through a motion to dismiss, the defendants are challenging the court's subject matter jurisdiction, and that the court does have jurisdiction over the case.
The parties appear to be arguing subject matter jurisdiction, since pursuant to Practice Book 142 and 145 only the court's subject matter jurisdiction could be timely challenged after thirty days have passed from the date when the defendant filed its appearance.
"The superior court shall be the sole court of original jurisdiction for all causes of action . . ." General Statutes 51-164s. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990), citing Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981). "[E]very presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers, supra, 709-10. See also Wise v. Stamford, 5 CTLR 47 (September 26, 1991, Meadows, J.) (defective highway action is within the court's subject matter jurisdiction).
In relevant part, General Statutes 13a-149 states:
No action for any . . . injury shall be CT Page 7990 maintained against any town . . . unless written notice of such injury and a general description of the same . . . shall . . . be given to a [town official] . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury . . . if it appears that there was no intention to mislead or that such town . . . was not in fact misled thereby.
If the notice entirely fails to meet the requirements of the statute, the question of its sufficiency is one of law for the court. Schnap v. Meriden, 139 Conn. 254, 256,93 A.2d 152 (1952); Ross v. New London, 3 Conn. Cir. Ct. 644, 646, 222 A.2d 816 (1966). See also Nicholaus v. Bridgeport,117 Conn. 398, 401, 167 A. 826 (1933).
Issues regarding legal sufficiency are properly raised by motion to strike or motion for summary judgment. Practice Book 152; Boucher Agency, Inc. v. Zimmer, 160 Conn. 404,409, 279 A.2d 540 (1971). The legal sufficiency of statutory notice is properly raised through the use of one of these two motions. See, e.g. Miffett v. Burns, 3 CSCR 636 (July 12, 1988, Pickett, J.), aff'd 18 Conn. App. 821, 559 A.2d 1190, cert. denied 212 Conn. 806, 561 A.2d 947 (1989); Justice v. Burns, 3 CTLR 119 (January 7, 1991, Axelrod, J.).
In the present case, the defendant attacks the legal sufficiency of the plaintiffs' notice. This issue could properly be raised by a motion to strike or motion for summary judgment, and the use of a motion to dismiss for this purpose is inappropriate, since the legal insufficiency of the plaintiffs' notice would not deprive the court of subject matter jurisdiction. Accordingly, the defendant's motion to dismiss is denied.
Burns, J.