******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CATHERINE MURPHY *v.* TOWN OF CLINTON
(AC 45238)

Prescott, Moll and Seeley, Js.

*Syllabus*

The plaintiff sought, pursuant to the municipal defective highway statute
(§ 13a-149), to recover damages and other relief for personal injuries
she sustained when she fell on a road owned by the defendant town.
The plaintiff tripped after stepping into a defective water main hole
cover that had sunken below the grade of the surrounding pavement.
One month later, the plaintiff, via certified mail, sent to the defendant
a written notice of her injuries and of her intent to commence a civil
action pursuant to § 13a-149. The plaintiff included three color photo-
graphs in the notice, in which the water main hole cover was visible
from three different distances within the intersection, and the plaintiff
referenced the three photographs in her notice. The trial court granted
the defendant's motion to dismiss the complaint, finding that the court
lacked jurisdiction because the notice provided by the plaintiff was
deficient because of the absence of a statement describing what the
alleged defect was and the use of mere conclusory statements of a
defect. The trial court also stated that attaching photographs to the
notice did not remedy the absence of descriptive language of the alleged
defect in the plaintiff's complaint. On the plaintiff's appeal to this court,
*held* that the trial court improperly granted the defendant's motion to
dismiss the plaintiff's complaint for lack of subject matter jurisdiction
as the language of the plaintiff's notice and the appended photographs,
considered together, sufficiently described the cause of her injury and
patently met the requirements of § 13a-149: the defendant was suffi-
ciently notified of the cause of the plaintiff's injury and its precise
location and condition such that it could identify, and begin its investiga-
tion into, the defective condition of the water main hole cover, and to
require more of a notice would go beyond the statutory requirements
of § 13a-149; moreover, the trial court improperly concluded that the
photographs included with the notice should not be considered in
assessing the adequacy of the notice, as there is no language in § 13a-
149 that prohibits the consideration of photographs that are included
in a notice, and there is no statutory language that otherwise limits the
assessment of the adequacy of the notice to the express words set forth
therein, the written notice expressly referred to the enclosed photo-
graphs, and to prohibit the consideration of photographs included in a
notice sent pursuant to § 13a-149, and thereby render their inclusion a
nullity, would run afoul not only of the notice's statutory purpose of
aiding a municipality in the prompt investigation of a condition that
may endanger public safety but also of the requirements to construe
the statute broadly and to interpret the notice as a whole.

Argued November 9, 2022—officially released January 3, 2023

*Procedural History*

Action to recover damages for personal injuries sus-
tained as a result of an allegedly defective municipal
highway, and for other relief, brought to the Superior
Court in the judicial district of Middlesex, where the
court, *Shah, J.*, granted the defendant's motion to dis-
miss and rendered judgment thereon, from which the
plaintiff appealed to this court. *Reversed; further pro-
ceedings.*

*Evan K. Buchberger*, for the appellant (plaintiff).

*Richard C. Buturla*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Catherine Murphy, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, the town of Clinton, for lack of subject matter jurisdiction over the plaintiff's complaint on the basis that she failed to comply with the requirements of the notice provision of the municipal defective highway statute, General Statutes § 13a-149.[1] On appeal, the plaintiff claims that the court improperly granted the defendant's motion to dismiss for lack of subject matter jurisdiction because the written notice and the accompanying photographs that she sent to the defendant sufficiently described the cause of her injury in compliance with the requirements of § 13a-149.[2] We agree and, accordingly, reverse the judgment of the trial court.

The following facts, as alleged in the plaintiff's complaint, and procedural history are relevant to our resolution of this appeal. On September 27, 2019, at approximately 6:20 p.m., the plaintiff tripped and fell while crossing the intersection of Grove Street and West Grove Street in Clinton. As a result of the fall, the plaintiff sustained various injuries to her right leg and right foot. On October 28, 2019, the plaintiff, via certified mail, sent to the defendant a written notice of her injuries and of her intent to commence a civil action pursuant to § 13a-149. In the notice, the plaintiff stated that while "walking across the intersection of Grove Street and West Grove Street . . . she stepped into a defective water main hole cover causing serious personal injuries to her right leg." The plaintiff included three color photographs with the notice, in which the water main hole cover is visible from three different distances within the intersection. Additionally, in the notice, the plaintiff referenced the three photographs; the notice indicates that the water main hole cover "is more fully shown [i]n the photos attached hereto" and directs the defendant to "[s]ee [the] attached [p]hotos." On May 25, 2021, the plaintiff commenced the present action by way of a one count complaint, alleging liability on the part of the defendant pursuant to § 13a-149.

On September 30, 2021, pursuant to Practice Book § 10-30 et seq., the defendant filed a motion to dismiss the plaintiff's complaint, arguing that the trial court lacked subject matter jurisdiction on the basis of the plaintiff's failure to describe sufficiently the cause of her injury in the notice, as required under § 13a-149. On November 15, 2021, the plaintiff filed an objection to the defendant's motion to dismiss. On November 29, 2021, the court, *Shah, J.*, held a hearing regarding the defendant's motion to dismiss.

On January 12, 2022, the court issued an order granting the defendant's motion to dismiss the plaintiff's complaint on the basis that "the plaintiff's notice is not

sufficient under [§ 13a-149] and the savings clause [of § 13a-149] is not applicable." The court explained that, "[i]n order to maintain an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements . . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." (Internal quotation marks omitted.) The court further determined that "[t]he notice provided by the plaintiff is similar to a line of cases where the courts have found the notice is deficient because of the absence of what the alleged defect is and mere conclusory statements of a defect. Attaching photographs does not remedy the absence of descriptive language of the alleged defect." This appeal followed.

We begin by setting forth the relevant legal standard. "Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. . . . Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. [T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . More specifically . . . the statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." (Citations omitted; internal quotation marks omitted.) *Beeman* v. *Stratford*, 157 Conn. App. 528, 534–35, 116 A.3d 855 (2015). A notice that *patently* fails to meet this test in describing the place or cause of the injury is defective as a matter of law. See *Morico* v. *Cox*, 134 Conn. 218, 223, 56 A.2d 522 (1947); *Pajor* v. *Wallingford*, 47 Conn. App. 365, 379, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 7 (1998).[3]

"[Section] 13a-149 is liberally construed, particularly when compared to General Statutes § 13a-144, the com-

panion statute providing for liability as a result of defects on state highways. The state highway notice requirement must be strictly construed since § 13a-144, unlike § 13a-149, does not contain a saving clause. A necessary corollary to this is that the municipal highway notice requirement should be liberally construed since it, unlike § 13a-144, does contain a saving clause." (Internal quotation marks omitted.) *Salemme* v. *Seymour*, 262 Conn. 787, 796 n.7, 817 A.2d 636 (2003). Furthermore, a notice sent pursuant to § 13a-149 should be interpreted as a whole. See *Schmidt* v. *Manchester*, 92 Conn. 551, 554, 103 A. 654 (1918).

"The failure to comply with [the requirements of § 13a-149] deprives the Superior Court of jurisdiction over a plaintiff's action. . . . It is well established that a determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . Under our rules of practice, a motion to dismiss for lack of subject matter jurisdiction may be raised at any time." (Citations omitted; internal quotation marks omitted.) *Dobie* v. *New Haven*, 204 Conn. App. 583, 589–90, 254 A.3d 321, cert. granted, 338 Conn. 901, 258 A.3d 90 (2021); see Practice Book § 10-30.

The plaintiff claims that the language in the notice, aided by the inclusion of the photographs, sufficiently describes the cause of her injury, such that her notice satisfies that prong of § 13a-149. The defendant argues that the language that the plaintiff used in the notice was conclusory because she failed to indicate the manner in which the water main hole cover was defective and that the three photographs included in the plaintiff's notice could not operate to cure the lack of express language describing the defect.[4] For the reasons that follow, we conclude that the language of the notice, in conjunction with the appended photographs, sufficiently describes the cause of the plaintiff's injury in accordance with § 13a-149.[5]

The notice states that the plaintiff "*stepped into* a defective water main hole cover causing serious personal injuries to her right leg." (Emphasis added.) The plaintiff also included three color photographs with the notice, in support of the assertion that the water main hole cover located at the intersection of Grove Street and West Grove Street was the cause of her injury. Each photograph makes unmistakable that the cover is depressed, that is, markedly lower than the grade of the surrounding pavement. The language of the notice and the appended photographs go well beyond merely asserting a "defect"; rather, they paint a picture that gave notice to the defendant that the plaintiff's injury

was caused by a water main hole cover, in a particular location, that was not sufficiently flush with the surrounding pavement. Accordingly, we conclude that the notice patently meets the requirements of § 13a-149 and is sufficient to notify the defendant of the cause of the plaintiff's injury.[6]

Indeed, as previously stated, one purpose of a notice under § 13a-149 is to aid a defendant in "prompt investigation of conditions that may endanger public safety . . . ." (Internal quotation marks omitted.) *Beeman* v. *Stratford*, supra, 157 Conn. App. 535. Construing the notice requirements of § 13a-149 liberally, a reasonable inference can be drawn from the language of the notice and the appended photographs that not only did a water main hole cover cause this plaintiff's injuries but that the specific defect of the cover was that it was depressed, i.e., sunken into the ground. Here, the defendant was sufficiently notified of the cause of the plaintiff's injury—and, moreover, its precise location and condition—such that it could identify, and begin its investigation into, the defective condition of the water main hole cover. To require more of a notice would go beyond the statutory requirements of § 13a-149. *Bassin* v. *Stamford*, 26 Conn. App. 534, 539, 602 A.2d 1044 (1992) ("[t]he sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading" (internal quotation marks omitted)).

Without citing any relevant authority, the defendant maintains, and the trial court agreed, that the photographs included in the notice should not be considered in assessing the adequacy of the notice. We reject this proposition. First, we observe that there is no language in § 13a-149 that prohibits the consideration of photographs that are included in a notice; there is also no statutory language that otherwise limits the assessment of the adequacy of the notice to the express words set forth therein. Second, the written notice expressly referred to the enclosed photographs. We fail to see why words describing the defect would be sufficient but a picture showing the defect would not. Third, to prohibit the consideration of photographs included in a notice sent pursuant to § 13a-149, and thereby render their inclusion a nullity, would run afoul not only of the notice's statutory purpose of aiding a municipality in the prompt investigation of a condition that may endanger public safety but also of the requirements to construe the statute broadly and to interpret the notice as a whole. Accordingly, we conclude that the photographs included in the plaintiff's notice are appropriately considered in our assessment of the adequacy of the notice.

In sum, we conclude that the language of the plaintiff's notice and the appended photographs, considered together, sufficiently describe the cause of her injury

and patently meet the requirements of § 13a-149. Accordingly, the court improperly granted the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss and for further proceedings according to law.

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[2] The plaintiff alternatively claims that the trial court erred in concluding that the savings clause contained in § 13a-149 was inapplicable. Because we conclude that the plaintiff's notice was sufficient under § 13a-149, we do not address this alternative claim.

[3] We leave for another day whether the adequacy of a notice given pursuant to § 13a-149 that does not patently meet the test for adequacy is a question to be determined by the trier of fact or a question of law for the court. See *Dudley* v. *Commissioner of Transportation*, 191 Conn. App. 628, 640 n.9, 216 A.3d 753, cert. denied, 333 Conn. 930, 218 A.3d 69 (2019).

[4] The defendant also argues that the language in the plaintiff's notice is similar to the language of the notice in *Frandy* v. *Commissioner of Transportation*, 132 Conn. App. 750, 34 A.3d 418 (2011), cert. denied, 303 Conn. 937, 36 A.3d 696 (2012). In *Frandy*, the plaintiff brought an action pursuant to the state defective highway statute, § 13a-144, which, like § 13a-149, contains a written notice requirement. Id., 752. Pursuant to § 13a-144, the plaintiff sent a written notice describing the cause of her injury as a "defective condition of the pavement." Id. This court reversed the trial court's denial of the defendant's motion to dismiss, holding that the notice failed to state the cause of the plaintiff's injury as required by § 13a-144 because it did "not specify the precise nature of the claimed defect." Id., 754. We decline to draw parallels between *Frandy*, which concerns § 13a-144, and this case, which concerns § 13a-149. See *Beeman* v. *Stratford*, supra, 157 Conn. App. 541 n.10 (declining invitation to consider case law arising under § 13a-144 in resolving claim concerning notice pursuant to § 13a-149 on basis that notice requirement of § 13a-149 is liberally construed whereas notice requirement of § 13a-144 is strictly construed). Moreover, even if we were to draw such parallels, the contents of the notice in this case exceed those of *Frandy* and are sufficient under § 13a-149.

[5] Because we conclude that the language of the notice and the appended photographs, considered together, sufficiently describe the cause of the injury, we need not consider whether the language of the notice, without more, would satisfy that requirement of § 13a-149.

[6] In its order granting the defendant's motion to dismiss, the trial court cited one appellate case and several Superior Court cases, upon which the defendant relies in its appellate brief, to support its determination that the plaintiff did not describe sufficiently the cause of her injury in her written notice. Those cases, however, concern notices that alleged only that a defect existed, without more. See, e.g., *Ross* v. *New London*, 3 Conn. Cir. 644, 648, 222 A.2d 816 (concluding that notice was insufficient because it did not "contain a definite or intelligible statement of any distinct cause of injury"), cert. denied, 154 Conn. 717, 221 A.2d 272 (1966); *Castillo-Blain* v. *Wethersfield*, Superior Court, judicial district of Hartford, Docket No. CV-19-6110067-S (November 5, 2019) (69 Conn. L. Rptr. 417, 418) (dismissing complaint because notice described only "defect . . . in the crosswalk"); *Sherard* v. *New Haven*, Superior Court, judicial district of New Haven, Docket No. CV-16-6060857-S (January 7, 2019) (67 Conn. L. Rptr. 607, 609) (dismissing

complaint because notice described cause of plaintiff's injury only as "defect in the sidewalk due to its state of disrepair"); *Bencivengo* v. *Madison*, Superior Court, judicial district of New Haven, Docket No. CV-12-6030857-S (May 1, 2013) (dismissing complaint because notice described cause of plaintiff's injury only as "a defective condition upon a walkway and/or bridge"); *Platt* v. *Naugatuck*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6002897-S (January 17, 2012) (dismissing complaint because notice described only "negligent maintenance of pedestrian sidewalks"). Thus, the cases cited by the court and relied upon by the defendant on appeal are inapposite.

_____