******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# PAULA M. CARDOZA *v.* CITY OF WATERBURY
## (AC 46460)

Alvord, Seeley and Westbrook, Js.

*Syllabus*

The plaintiff motorist sought to recover damages from the defendant city for personal injuries she sustained and for damage to her vehicle allegedly resulting from a defective condition in a roadway that was owned and maintained by the defendant city. Pursuant to the applicable statute (§ 13a-149), the plaintiff sent a notice of claim to the defendant that stated the date, time and location of the incident, described her injuries and the losses she incurred, and provided that the cause of such injuries and losses was a "defect in the roadway . . . ." The defendant filed a motion to dismiss the plaintiff's complaint, arguing that the trial court lacked subject matter jurisdiction because the plaintiff failed to comply with the notice requirements of § 13a-149, as her notice did not identify the alleged defect in the road that caused her injuries and damages. The trial court granted the motion, concluding that it lacked subject matter jurisdiction over the action, and rendered judgment dismissing the complaint. On the plaintiff's appeal to this court, *held* that the trial court properly granted the defendant's motion to dismiss for lack of subject matter jurisdiction: the language of the plaintiff's notice did not provide the level of specificity necessary to meet the requirements of § 13a-149 because it failed to describe the cause of the injury in any way beyond the assertion that there was a "defect in the roadway," and, contrary to the plaintiff's argument, the use of the word "defect" did not provide any information as to the cause of the plaintiff's injuries nor did the fact that the notice provided that the defect was "in" the road rule out a long list of potential defects; moreover, the plaintiff's argument that the notice was sufficient in light of the complaints she had filed with the city's police department and public works department following the incident, which provided additional information, was unavailing because § 13a-149 provides that the notice must be given to a selectman or the clerk of a city and does not allow the court to consider additional notices filed with departments within the city; furthermore, the savings clause of § 13a-149, even if construed liberally, was inapplicable because it applied only in cases in which information in the notice concerning one of the statute's required elements was inaccurate or vague, not where the information was entirely absent, and, in the present case, the cause of the plaintiff's injury was completely, totally and unmistakenly omitted from the plaintiff's notice.

Argued January 30—officially released April 16, 2024

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained by the plaintiff as a result of an allegedly defective municipal highway, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *Massicotte, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Prerna Rao*, for the appellant (plaintiff).

*Daniel J. Foster*, corporation counsel, for the appellee (defendant).

*Opinion*

SEELEY, J. The plaintiff, Paula M. Cardoza, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, the city of Waterbury, for lack of subject matter jurisdiction over the plaintiff's complaint on the basis that she failed to comply with the requirements of the notice provision of the municipal defective highway statute, General Statutes § 13a-149.[1] On appeal, the plaintiff claims that the court erred in granting the defendant's motion to dismiss because the

---

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

written notice that she submitted to the defendant contained sufficient information in compliance with the notice requirements of § 13a-149, or, in the alternative, the savings clause of § 13a-149 grants her relief under the statute. We disagree and, accordingly, affirm the judgment of the court.

The following facts, as alleged in the plaintiff's complaint, and procedural history are relevant to our resolution of this appeal. On May 14, 2019, the plaintiff sent to the defendant via certified mail a written "Notice of Claim" (notice) pursuant to § 13a-149. The notice, which was received by the defendant on May 16, 2019, stated the plaintiff's name; the date and time of the incident as April 12, 2019, approximately between the hours of 4 and 10 p.m.; and the location of the incident as "Gordon Street, between Cooke Street and Oakland Avenue." The notice described the plaintiff's injuries and losses as "pain and injury to her cervical and lumbar spine, and other injuries which are yet unknown. Property damages include loss and replacement of two tires and other damage to the vehicle." With respect to the cause of the injuries and losses, the notice stated that "[t]he above injuries and losses were caused by the defect in the roadway described above."

On April 5, 2021, the plaintiff commenced the present action by filing a one count complaint against the defendant alleging liability pursuant to § 13a-149. Specifically, the complaint alleges that, on or about April 12, 2019, the plaintiff was operating her motor vehicle in an eastward direction on Gordon Street, which is owned and maintained by the defendant, near the intersection with Cooke Street, in Waterbury. When the plaintiff reached a portion of Gordon Street that "was heavily eroded and unsafe for public travel," the defective condition of the roadway "caused [her] vehicle to suddenly experience two flat tires," which, in turn, caused "the plaintiff

to suffer personal injuries[2] and losses[3] . . . .” (Footnotes added.)

On December 14, 2022, the defendant, pursuant to Practice Book § 10-30, filed a motion to dismiss the plaintiff's complaint, arguing that the court lacked subject matter jurisdiction due to the plaintiff's failure to comply with the notice requirements of § 13a-149. Specifically, in its memorandum of law in support of its motion to dismiss, the defendant argued that the notice provided by the plaintiff was inadequate, as it “entirely failed to identify the alleged defect in the road that caused the plaintiff's injuries and damages.” On January 23, 2023, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss, with an attached affidavit and exhibits. The defendant filed a reply on January 30, 2023.

On April 10, 2023, the court, *Massicotte, J.*, held a hearing regarding the defendant's motion to dismiss and, that same day, issued an order granting the defendant's motion on the grounds that “the cause of the injury is completely missing [from the notice] and the savings clause does not apply.” The court noted the plaintiff's argument that the language in the notice—“the defect in the roadway described above”— constituted a description of the defect but found, to the contrary, that the plaintiff had “failed to describe [the defect]” and, therefore, “completely and unmistakably omitted the cause” of her injuries. Accordingly,

---

[2] Specifically, the plaintiff alleged that, as a result of the defendant's carelessness and negligence in failing to maintain Gordon Street, she “suffered neck spasms, stiffness, and pain and tingling in her left arm . . . [and] pain [in] her low back . . . some or all of which require future treatment and possibly future medical procedures . . . .” She also alleged that she requires injections for pain and now has limited range of movement and that her “injuries will be permanent in nature and/or permanently disabling.”

[3] The plaintiff further alleged that, in addition to the expenses incurred “for medical care and attention,” she sustained “substantial damages and losses to [her] personal property, including . . . [the loss of use of her] vehicle,” and that her “ability to enjoy life's activities has been impaired.”

the court concluded that it lacked subject matter jurisdiction over the plaintiff's action and rendered judgment dismissing the complaint. This appeal followed.

We begin by setting forth the relevant legal principles concerning actions pursuant to § 13a-149. "Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. . . . Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. . . . Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. [T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . More specifically . . . the statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims. . . . A notice that *patently* fails to meet this test in describing the place or cause of the injury is defective as a matter of law." (Citation omitted; emphasis in original; internal quotation marks

omitted.) *Murphy* v. *Clinton*, 217 Conn. App. 182, 186–87, 287 A.3d 1150 (2023).

"The failure to comply with [the requirements of § 13a-149] deprives the Superior Court of jurisdiction over a plaintiff's action. . . . It is well established that a determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . Under our rules of practice, a motion to dismiss for lack of subject matter jurisdiction may be raised at any time." (Internal quotation marks omitted.) Id., 187–88. In the present case, the defendant's pretrial motion to dismiss was premised on the plaintiff's failure to comply with the notice requirements of § 13a-149. Therefore, the question before us is whether the trial court properly determined, as a matter of law, that the description in the notice of the defect in the roadway that caused the plaintiff's injuries was insufficient to satisfy § 13a-149. See *Dobie* v. *New Haven*, 204 Conn. App. 583, 595, 254 A.3d 321 (2021), aff'd, 346 Conn. 487, 291 A.3d 1014 (2023).

On appeal, the plaintiff claims that (1) the notice given to the defendant is sufficient to meet the requirements of § 13a-149, and (2) even if it is not sufficient, the savings clause in the statute cures any deficiencies in the notice.[4] We conclude, as a matter of law, that

---

[4] We note that the plaintiff did not brief her claims separately, nor did she include any subheadings for her arguments, leaving us to attempt to differentiate her arguments in support of each of the two claims. See Practice Book § 67-4 ("[t]he appellant's brief shall contain the following . . . (e) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document"). For ease of discussion, we address the plaintiff's claims in an order different from the order presented in her brief.

the language of the notice is insufficient under the requirements of § 13a-149, and, furthermore, because it fails to describe the cause of the plaintiff's injuries in any way, the savings clause is inapplicable.

The notice provided by the plaintiff listed the cause of the plaintiff's injuries as "the defect in the roadway described above," which refers to the description of the location of the incident, namely, "Gordon Street, between Cooke Street and Oakland Avenue." In context, therefore, the description of the cause is limited to "the defect in" the area of Gordon Street that is located between Cooke Street and Oakland Avenue. The entirety of the description of the cause of her injuries is that there is a "defect in" some portion of the roadway. Notably, the notice in the present case does not contain the more detailed description of the cause of the injury that appears in the plaintiff's complaint, which alleges that the road was "heavily eroded and unsafe for public travel . . . caus[ing] the plaintiff's vehicle to suddenly experience two flat tires and causing the plaintiff to suffer personal injuries and losses . . . ."

Our appellate courts previously have addressed the level of specificity required to meet the five statutory elements under § 13a-149. In *Marino* v. *East Haven*, 120 Conn. 577, 182 A. 225 (1935), for example, our Supreme Court addressed the sufficiency of the description of the injury in the plaintiff's notice and held that the notice stating that the plaintiff " 'fell and was injured' " was insufficient as a matter of law, as it failed to provide a description of the injury itself. Id., 578, 580. Similarly, in *Martin* v. *Plainville*, 240 Conn. 105, 689 A.2d 1125 (1997), our Supreme Court held that the notice given to the town under § 13a-149, which merely stated that the plaintiff " 'was injured after she

tripped,' " was insufficient as a description of the injuries suffered. Id., 107, 109. In *Martin*, the plaintiff challenged the validity of *Marino*, arguing that it was "an outdated precedent that produces harsh results." Id., 110. Our Supreme Court upheld *Marino*, noting that the "legislative history manifests an intent to require more rather than less notice to the town. The legislative history of the statute does not support the plaintiff's argument that a mere statement of injury, without any description of such injury, should suffice under § 13a-149." (Emphasis omitted.) Id., 111.[5]

Our courts also specifically have addressed what constitutes sufficient notice as to the cause of the injury. In *Ross* v. *New London*, 3 Conn. Cir. 644, 222 A.2d 816, cert. denied, 154 Conn. 717, 221 A.2d 272 (1966), the notice provided by the plaintiff stated in relevant part: "The claim is that the fall was caused by the neglect of the city in the maintenance and repair of the sidewalk at said site." (Internal quotation marks omitted.) Id., 645. The court held that it was "immediately apparent that [the notice] fails to specify the defect in the highway which resulted in injury to the plaintiff. The cause of the injury required to be stated must be interpreted to mean the defect or defective condition of the highway which brought about the injury. . . . What exactly was

[5] We note that *Martin* was decided before the enactment of General Statutes § 1-2z, which provides that "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." Our Supreme Court has "addressed the issue of whether the passage of § 1-2z require[s] us to abandon prior interpretations of statutes in order to comply with § 1-2z" and "determined that we do not abandon prior interpretations of statutory language. Rather, even after the passage of § 1-2z, it is customary for us to begin with this court's prior interpretations of statutes in previous cases." *Peek* v. *Manchester Memorial Hospital*, 342 Conn. 103, 124, 269 A.3d 24 (2022).

the neglect of the city in the maintenance and repair of the sidewalk in front of the premises . . . which brought about the injuries claimed by the plaintiff? Was it a large, small or medium hole, a ditch, a gully, a rut, a depression, or the elevation of a portion of the sidewalk, or perhaps the failure of the city effectively to remove snow or ice accumulated thereon? . . . Certainly, the use of the words neglect, maintenance and repair gives no clue whatsoever as to the direct cause of the fall in question, nor do the words give any indication of that which occasioned or produced the fall. . . . It is sufficient and customary in defective highway cases to state that the cause was a specified defective condition, without further statement that it in turn was due to negligence in failing to keep the highway in repair or otherwise." (Citations omitted; internal quotation marks omitted.) Id., 646–47.[6]

---

[6] Although "[w]e are not bound by the precedent of the statutory Appellate Division of the Circuit Court . . . we may find it persuasive." (Citation omitted; internal quotation marks omitted.) *State* v. *Hackett*, 72 Conn. App. 127, 135, 804 A.2d 225, cert. denied, 262 Conn. 904, 810 A.2d 270 (2002). We find the court's reasoning in *Ross* to be persuasive to our analysis in the present case. See also *Beisiegel* v. *Seymour*, 58 Conn. 43, 52, 19 A. 372 (1889) (statement that highway was "defective, and out of repair is clearly insufficient" as to cause of plaintiff's injuries (internal quotation marks omitted)). We also note that many Superior Court decisions similarly have determined that a bare bones assertion of a defect is insufficient under § 13a-149. See, e.g., *Troisi* v. *Watertown*, Superior Court, judicial district of Waterbury, Docket No. CV-23-6071453-S (November 20, 2023) ("description in the notice of claim [that plaintiff] . . . 'was caused to fall due to a defect in the sidewalk'" was insufficient because it "fails to describe the exact nature of the defect"); *Castillo-Blain* v. *Wethersfield*, Superior Court, judicial district of Hartford, Docket No. CV-19-6110067-S (November 5, 2019) (69 Conn. L. Rptr. 417, 417–18) (notice stating cause as "'relating to a defective sidewalk'" and that plaintiff was injured "'[d]ue to a defect in the roadway in the crosswalk'" and "'[a]s a result of the defect,'" was insufficient because it "provide[d] the defendant with nothing more from which to identify the exact nature of the defect"); *Sherard* v. *New Haven*, Superior Court, judicial district of New Haven, Docket No. CV-16-6060857-S (January 7, 2019) (67 Conn. L. Rptr. 607, 610–11) (description of cause of injury as "'a defect in the sidewalk due to its state of disrepair'" was insufficient under § 13a-149); *Bencivengo* v. *Madison*, Superior Court, judicial district of New Haven, Docket No. CV-12-6030857-S (May 1, 2013) (notice describing

In *Murphy* v. *Clinton*, supra, 217 Conn. App. 184, this court determined that the description of the cause of injury in the notice provided was sufficient under § 13a-149. In *Murphy*, the notice "stated that while 'walking across the intersection of Grove Street and West Grove Street . . . [the plaintiff] stepped into a defective water main hole cover causing serious personal injuries to her right leg.' The plaintiff included three color photographs with the notice, in which the water main hole cover is visible from three different distances within the intersection. Additionally, in the notice, the plaintiff referenced the three photographs; the notice indicate[d] that the water main hole cover '[was] more fully shown [i]n the photos attached hereto' . . . ." Id., 185. In reviewing the notice, this court observed that "[t]he notice states that the plaintiff '*stepped into* a defective water main hole cover' . . . . The plaintiff also included three color photographs with the notice, in support of the assertion that the water main hole cover located at the intersection . . . was the cause of her injury. Each photograph makes unmistakable that the cover is depressed, that is, markedly lower than the grade of the surrounding pavement. The language of the notice and the appended photographs go well beyond merely asserting a 'defect'; rather, they paint a picture that gave notice to the defendant that the plaintiff's injury was caused by a water main hole cover, in a particular location, that was not sufficiently flush with the surrounding pavement." (Emphasis in original.) Id., 189. In sum, this court concluded that the description

cause of injuries as " 'a defective condition upon a walkway and/or bridge' " was defective in that it omitted required description of cause of injuries); *Platt* v. *Naugatuck*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6002897-S (January 17, 2012) (notice stating plaintiff fell due to "negligent maintenance of pedestrian sidewalks" was insufficient because it completely omitted cause of injury (emphasis omitted; internal quotation marks omitted)).

was specific and detailed enough to give the town adequate notice as to what brought about the injuries suffered by the plaintiff. See id.

In contrast, in the present case, the notice given fails to describe the cause of the injury beyond the assertion that it was a "defect in the roadway . . . ." Despite the plaintiff's argument that such a description "excludes many different claims, including those involving (1) materials or other substances merely on the roadway, such as a pile of wet leaves . . . (2) sidewalks . . . (3) bridges . . . (4) malfunctioning traffic lights . . . [5] ice, snow or other weather conditions . . . or [6] parking lots"; (citations omitted; emphasis omitted); we conclude that it fails to meet the requirements of the statute. Construing the notice requirements of § 13a-149 liberally, as we are required to do; see *Murphy* v. *Clinton*, supra, 217 Conn. App. 187; the use of the word "defect" fails to provide any information as to the cause of the plaintiff's injuries. Nor does the fact that the notice provided that the "defect" was "in" the road, as the plaintiff argues, rule out a long list of potential defects. Unlike in *Murphy*, in which the plaintiff's notice stated that the plaintiff stepped " '*into*' " the water main hole cover; (emphasis added) *Murphy* v. *Clinton*, supra, 185; the description in the plaintiff's notice in the present case does not indicate whether the alleged defect was protruding from the surface, or underneath it, which would be important to the defendant's efforts to identify the cause of the plaintiff's injury. Moreover, as *Martino*, *Marino*, and *Ross* make clear, the notice requirement is intended to provide the municipality with sufficiently specific information so that it can remedy the defect. We conclude that the language of the plaintiff's notice fails to sufficiently describe the cause of her injury, and, therefore, it *patently* does not meet the requirements of § 13a-149 as a matter of law.

The plaintiff argues that the defendant was already familiar with the defect from complaints that she had filed with the defendant's police department and public works department in the aftermath of the incident, which provided additional information, and that, therefore, the notice was sufficient. This argument is unavailing. We note first that § 13a-149 provides that the notice must "be given to a selectman or . . . the clerk of such city or borough . . . ." The statute does not allow the court to consider the filing of additional notices with departments within the municipality. See General Statutes § 13a-149. Furthermore, the only support offered by the plaintiff in furtherance of this argument is that our Supreme Court stated that, "[i]n testing the sufficiency of a notice, it should be remembered also that a general description of the location of a large, or well known or long continued obstruction, or one with which the defendants are already familiar, may be quite sufficient to meet the test, where it would not be if these were not the facts." *Sizer* v. *Waterbury*, 113 Conn. 145, 158, 154 A. 639 (1931). The plaintiff's reliance on *Sizer* is misplaced, however, because the notice given in *Sizer* to the city described " 'personal injuries sustained by reason of falling in a hole on Huntington Avenue' "; id., 154; and, therefore, the description of the cause of the injuries—a hole—was provided as part of the notice, unlike in the present case in which a description of the cause of the plaintiff's injuries was entirely absent from the notice.[7]

---

[7] The plaintiff's final argument in support of this claim is that the trial court "relied heavily" on this court's decision in *Frandy* v. *Commissioner of Transportation*, 132 Conn. App. 750, 34 A.3d 418 (2011), cert. denied, 303 Conn. 937, 36 A.3d 696 (2012), and that "[t]his reliance was erroneous, as unlike the state, municipalities are not sovereign and do not enjoy sovereign immunity." The plaintiff is correct that there are important distinctions between *Frandy* and the present case: the claim in *Frandy* was brought under General Statutes § 13a-144, which permits a civil action to recover damages for injuries sustained on state highways or sidewalks, as opposed to roads owned by a municipality. See *Frandy* v. *Commissioner of Transportation*, supra, 751. Nevertheless, the plaintiff overstates the trial court's

We next turn to the plaintiff's claim that the savings clause of § 13a-149[8] applies in the present case and cures any deficiencies in the notice. We begin with the relevant legal principles. "Section 13a-149 . . . contains a saving[s] clause that provides that notice given under the statute will not be invalidated because of inaccuracies in its content as long as there was no intent to mislead the municipality or the municipality is not in fact misled. . . . While the saving[s] clause will excuse inaccuracies in the content of the notice, however, it will not excuse a complete absence of notice." (Citation omitted; internal quotation marks omitted.) *Bassin* v. *Stamford*, 26 Conn. App. 534, 538, 602 A.2d 1044 (1992). "When a notice fails to provide information respecting each of the required elements, it is deficient as a matter of law." *Pajor* v. *Wallingford*, 47 Conn. App. 365, 378, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 7 (1998); see also *Martin* v. *Plainville*, supra, 240 Conn. 113 ("[t]he savings clause applies only where the information provided in the notice is inaccurate, not where information is entirely absent" (emphasis omitted)).

The plaintiff correctly points out in her brief that the inclusion of a savings clause means that § 13a-149 is to be construed liberally. See *Murphy* v. *Clinton*, supra, 217 Conn. App. 187. Nevertheless, as we previously

reliance on *Frandy*. The trial court cited *Frandy* once in its decision, and the portion that it cited was a quotation within that decision from *Ross* v. *New London*, supra, 3 Conn. Cir. 646, in which the court discussed what constituted a sufficient description of the cause of injuries sustained by a plaintiff under § 13a-149. See *Frandy* v. *Commissioner of Transportation*, supra, 754–55. There is thus no merit to the plaintiff's argument that the court's use of *Frandy* in its decision was erroneous.

[8] The savings clause of General Statutes § 13a-149 provides: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

stated in this opinion, the savings clause applies only in cases in which information in the notice concerning one of the required elements is inaccurate or vague, "not where information is *entirely absent*." (Emphasis in original; internal quotation marks omitted.) *Salemme* v. *Seymour*, 262 Conn. 787, 794, 817 A.2d 636 (2003); see also *Bassin* v. *Stamford*, supra, 26 Conn. App. 538. Our Supreme Court has "emphasize[d] that 'entirely absent' means exactly that; one of the 'five essential elements' articulated in *Martin* v. *Plainville*, supra, [240 Conn. 109], must be completely, totally and unmistakably omitted from the plaintiff's notice." *Salemme* v. *Seymour*, supra, 794.

In the present case, the notice given by the plaintiff to the defendant failed to include any description of the cause of the plaintiff's injury; therefore, it did not fulfill one of the requirements for notice under § 13a-149. See id. (discussing *Martin* v. *Plainville*, supra, 240 Conn. 113, and noting that court in *Martin* "declined to afford the plaintiff the 'relief of the savings clause because the notice she provided *failed to give any description of the injury whatsoever* and, thus, did not comport with one of the five fundamental requirements for perfected notice' " (emphasis in original)); see also *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401, 167 A. 826 (1933) ("[t]he provision that no notice shall be held invalid or insufficient because of an 'inaccuracy' in stating the cause of the injury, if the conditions stated in the statute appear, cannot avail to make valid a notice which fails *entirely* to state that cause" (emphasis added)); *Ross* v. *New London*, supra, 3 Conn. Cir. 645, 647 (savings clause could not be applied when only description given in notice of cause of injury was " 'neglect of the city' "). Accordingly, the savings clause cannot be applied to the notice given by the plaintiff to the defendant in the present case.

In summary, we conclude, as a matter of law, that the plaintiff's notice fails to meet one of the statutory requirements of § 13a-149. Moreover, because the cause of injury was "completely, totally and unmistakenly omitted from the plaintiff's notice"; *Salemme* v. *Seymour*, supra, 262 Conn. 794; the savings clause does not apply. Accordingly, given the plaintiff's failure to comply with a condition precedent to maintaining an action under § 13a-149, the court properly granted the defendant's motion to dismiss for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.